LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction upon defendant’s guilty plea and a sentence to imprisonment for fifteen years, which was imposed after a sentencing hearing in which it was claimed and proved by the State that defendant had theretofore been convicted of two felonies. In determining and pronouncing the sentence in the instant case, the trial court clearly and correctly stated:
“... That’s [the term of 15 years] consistent with the agreement that you entered into. It is also the minimum sentence you can receive under the provisions of the Habitual Offender Act.[1] However, it’s also apparent that it’s well within the sentencing range that the court could impose for the offense of theft of property in the first degree.[2]”
The major issue on appeal is whether the two asserted felony convictions, which un-disputably antedated the conviction in the instant case, occurred at such a time as to bring them within the coverage of the Habitual Felony Offenders Act, Code § 13A-5-9(b), prefaced as follows:
“In all cases where it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:..."
It is undisputed that the felony involved in the instant case occurred after the other two felonies and after a plea of guilty by defendant had been entered in each of the other two cases. It is also undisputed that at the time of the sentencing in the instant case, defendant had been previously adjudged guilty and sentenced to imprisonment for six years in each of the other two cases.
Appellant takes the position, with many authorities from other jurisdictions to support him, that in order for a conviction to constitute a “previous conviction” the conviction must have occurred prior to the commission of the offense forming the basis of the pending prosecution. This Court, per Judge DeCarlo, has recently so held. Burgess v. State, Ala.Cr.App., 412 So.2d 298 (1982).
Appellee takes the position that a person has been previously convicted within the meaning of the Habitual Felony Offenders Act if he has previously been “adjudged guilty by the court or jury at the time of commission of the subsequent offense, regardless of whether the sentence has been imposed.” We need not decide this narrow issue at this time for the reason that it appears to us from the record proper and transcript before us that there was no adjudication of guilt in either of the other two cases prior to the commission of the crime charged in the instant ease. We refer to “Supplement on Minute Entry” filed in this Court on March 19,1982, as a supplement to the record filed in this Court on February 12, 1982. Said supplement states:
*806 “On the 21st day of September 1981 comes now the State of Alabama by its District Attorney, Honorable Lavern Tate, also comes the defendant, Raymond Summerhill, Jr., in his own proper person and with his attorney, Honorable John R. Benn, and the defendant being advised of his constitutional rights and being duly arraigned upon an indictment charging the offense of [in one case ‘theft of Property 1st Degree’ and in the other ‘Burglary 3rd Degree’] for his plea thereto says he is guilty. Passed to October 30, 1981 for sentence and probation hearing.
“On the 6 day of November, 1981 being the date to which this cause was passed for sentencing and consideration of defendant’s application for probation, and the State of Alabama being represented by its District Attorney, Honorable Lavern Tate, and the defendant Raymond Summerhill, Jr., being present in his own proper person and with his attorney, Honorable John Benn, and the defendant having heretofore been adjudged guilty of the offense of Theft of Property First Degree [in one case and in the other Burglary 3rd Degree], the defendant is asked by the Court if he has anything to say why the judgment and sentence of the law should not be pronounced upon him, say nothing in bar or preclusion of sentence.
“It is, therefore, considered by the Court, and it is the judgment and sentence of the Court that the defendant Raymond Summerhill, Jr., be imprisoned in the Penitentiary of the State of Alabama for a period of 6 years as punishment of his crime. Sentence to run concurrent with sentence imposed in CC-81-279 [the other of the other two cases],
“The defendant having made application for probation, and the Court having access to the report of the State Board of Pardons and Paroles, it is therefore, ORDERED, ADJUDGED, and DECREED by the court that the defendant’s application for probation be and the same is denied.”
The trial court doubtless thought for good reason that there had been an adjudication of guilt some time prior to the date of the sentencing procedure in each of the two cases that furnish the basis for the asserted previous felony convictions, but the record before us does not support a conclusion that there was any such previous adjudication.
The record before us is not clear as to the date of the commission of the crime in the instant case, but parts of the record before us convince us that there can be no doubt that it was before November 6, 1981, the date of the sentencing hearing in each of the other two cases. It necessarily follows, we think, that the record fails to show in the instant case that defendant had previously been convicted of a felony and that the case should be remanded to the trial court for resentencing, this time without applying the Habitual Felony Offenders Act.
The judgment of the trial court adjudging defendant guilty should be affirmed. There is no contention to the contrary.
We attempt no directions to the learned trial judge as to the conduct and result of another sentencing hearing other than to say that defendant and his counsel should be given due notice thereof to enable both to be present. To terminate properly the appeal herein, the trial court will make a return to the Clerk of this court to the order remanding the case with directions and serve a copy thereof on defendant’s counsel. If defendant is aggrieved by the action of the trial court in regard to the sentence imposed, defendant will have fifteen days thereafter within which to file a brief in this Court and appellee will have ten days thereafter within which to file a reply brief. Otherwise, no further review or action by this Court is deemed necessary.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
*807 AFFIRMED, REMANDED WITH DIRECTIONS.
All the Judges concur.

. “In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such conviction has committed another felony, he must be punished as follows:
On conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.” Code of Alabama, § 13A-5-9(b)(2)

. Theft of property in the first degree is a Class B felony. Code § 13A-8-3. A Class B felony is punishable by imprisonment for not more than 20 years or less than 2 years. § 13A-5-6.