Appellant was convicted of robbery in the first degree. He was sentenced to life imprisonment under the Habitual Offender Act.
The issues appellant raises concern themselves with what did or did not occur during appellant's sentencing hearing.
 I
It is first argued that the trial judge failed to state expressly that the appellant was guilty so that there was no formal adjudication of guilt. Therefore, the judgment of the trial court should be reversed. However, since the judgment entry clearly shows that the jury found appellant guilty of robbery in the first degree and since it clearly shows that he was sentenced to life under the Habitual Offender Statute, we find no merit in this argument.
As the court said in Poellnitz v. State, 48 Ala. App. 144,262 So.2d 631 (1972):
 ". . . although we would deem it to be better practice for the trial judge to formally adjudge the defendant guilty before rendering sentence, our courts have consistently held that an implied judgment of guilt results where there appears a valid sentence in proper form by the court in compliance with a verdict of guilt." (citations omitted)
 II
Appellant argues that it was neither affirmatively shown that he was represented by competent counsel nor was it shown that he waived counsel in the convictions for prior felony cases which were allowed into evidence at the sentencing hearing. It is true that in Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258,19 L.Ed.2d 319 (1967), the Supreme Court held that in order *Page 23 
to consider prior convictions to enhance punishment, the defendant must have been represented by counsel or have waived counsel in those cases. However, we find that the docket sheets of the prior felony cases introduced at the sentencing hearing showed that the appellant was represented by counsel. This sufficiently satisfies the Burgett requirement. Douglas v.State, 406 So.2d 1051 (Ala.Cr.App. 1981), cert. denied406 So.2d 1053 (Ala. 1981).
 III
Appellant next challenges his sentence on the grounds that he was never asked by the trial court if he had anything to say before sentence was pronounced against him. It is true that such a failure on the trial court's part would require that the case be remanded for proper sentencing. Junior v. State,411 So.2d 850 (Ala.Cr.App. 1982).
However, the judgment entry in this case contains the following sentence:
 "And on this the 3rd day of February, 1983 comes the Defendant, and his attorney, and being now in open court and being asked by the Court if he has anything to say why the judgment of the court and the sentence of the law should not be pronounced upon him, Defendant says nothing."
Thus, we find that allocution did indeed occur and there is no basis for remanding the case.
 IV
Appellant's last claim is that § 13A-5-9, Code of Alabama 1975, the Habitual Offender Statute, is an ex post facto law. A discussion of this issue is unnecessary since the constitutionality of that statute has been upheld by this court on numerous occasions. James v. State, 405 So.2d 71
(Ala.Cr.App. 1981).
For the reasons stated above, it is the decision of this court that the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.