The appellant was found guilty of committing a theft of a controlled substance, while armed with a deadly weapon, in violation of § 13A-8-51, Code of Alabama (1975). He was sentenced to life imprisonment without parole, pursuant to the Habitual Felony Offender Act. Thereafter, the appellant filed a motion for resentencing, which was denied.
The appellant argues that the trial court erred in sentencing him to life imprisonment, because the "pharmacy robbery" statute, which he was convicted of violating, contains its own recidivist provision, in § 13A-8-52(b), Codeof Alabama (1975). That subsection states as follows:
 "(b) On a second or subsequent conviction under this article, the offender shall be imprisoned for the remainder of his natural life and shall be ineligible for consideration for parole, probation or suspension of sentence."
The record indicates that the appellant had not been convicted of prior "pharmacy robberies." The State introduced evidence of a prior robbery conviction and six prior convictions classified as second degree burglaries. Because he has no prior convictions under this article, this subsection was inapplicable and the appellant had to be sentenced under the Habitual Felony Offender Act. Section 13A-5-1, Code of Alabama
(1975).
The appellant further argues that the State did not properly prove the number of prior felony convictions necessary to subject the appellant to the sentence which he received. He argues that, with the exception of a conviction of robbery on which he pleaded guilty, the other prior convictions were improper. Specifically, he alleges that the certified copies of case action summaries which were introduced to prove the other convictions, wherein the appellant also pleaded guilty, did not show that the appellant was represented by counsel. The appellant acknowledges that the record also contains motions of intent to plead guilty on these convictions which were signed by the appellant and his attorney; however, he argues that, because the minute entries on the case action summaries failed to show that his attorney was present when he entered his plea, they should not have been allowed. Because the record clearly shows that the appellant was represented by counsel when he made his motion to enter a guilty plea, there is a presumption that he was represented by counsel during the entire proceedings and it is his burden to prove otherwise. Jackson v. State, 502 So.2d 858, 865
(Ala.Cr.App. 1986).
The appellant also argues that "pharmacy robbery" should not have been considered by the court to be a Class A *Page 451 
felony because it is not designated as such. Although §13A-8-51 does not expressly designate "pharmacy robbery" as a Class A felony, see § 13A-5-4(a), the legislature clearly intended that "robbery pharmacy" constitutes a Class A felony because § 13A-8-52(a), provides the sentencing for a violation of this offense under the identical terms as that provided for a Class A felony. Sentencing for a Class A felony is designated to fall within the limits of "not more than 99 years or less than 10 years", § 13A-5-6(a)(1), and a "pharmacy robbery" offender is to be imprisoned "at hard labor for not less than 10 years nor more than 99 years and shall be ineligible for consideration for parole, probation or suspension of sentence." § 13A-8-52(a).
Therefore, the appellant was properly sentenced, as an habitual offender, pursuant to § 13A-5-9(c)(3), as he had previously been convicted of three felonies and committed a Class A felony, which mandates that he be punished by imprisonment for life without parole. The trial court properly denied the appellant's Motion for Resentencing.
AFFIRMED.
All Judges concur.