The 49-year-old appellant was convicted for the first degree rape of his seven-year-old stepdaughter and was sentenced to life without parole as a habitual felony offender. He raises four issues on this appeal from that conviction.
 I.
The appellant objects on the basis of hearsay to the admission of statements made by the victim to her mother and to a physician and to the admission of a videotaped interview of the victim by a social worker.
"An out-of-court statement made by a child under twelve years of age at the time of the proceeding concerning an act that is a material element of any crime involving child sexual abuse, . . . which statement is not otherwise admissible in evidence, is admissible in evidence in criminal proceedings, if the requirements of section 15-25-32 are met." Ala. Code 1975, §15-25-31. "An out-of-court statement may be admitted as provided in section 15-25-31, if: (1) The child testifies at the proceeding. . . ." § 15-25-32. Here, the child testified at the appellant's trial.
Testimony concerning the statements made by the seven-year-old victim to her mother and to a physician and the videotaped interview between the victim and a social worker were admissible pursuant to Ala. Code 1975, §§ 15-25-31 and -32.
 II.
Section 15-25-36 provides that, in connection with the hearsay statements of a child, "[t]he court shall inform the jury that the out-of-court statement was taken without the defendant being afforded cross examination of such out-of-court statement." The trial court so instructed the jury following the presentation of all the evidence and the arguments by the attorneys. We find no merit to the appellant's argument that he was entitled to a mistrial because the trial court did not so instruct the jury after the admission of each of the three statements.
In the alternative, we find that the appellant is procedurally barred from raising this issue because the appellant did not call the trial court's attention to its failure to instruct after the admission of each statement until after the State had presented all of the evidence in its case-in-chief. There is simply no indication that the trial court refused to so instruct the jury after the admission of each statement.
 III.
At the sentence hearing, the State introduced evidence that the appellant had four prior felony convictions. However, one of those convictions was a 1969 conviction for grand larceny for which the appellant was sentenced to 12 months in the county jail. Under Title 14, § 331, Code of Alabama 1940 (Recomp. 1958), the punishment for grand larceny was imprisonment "for not less than one nor more than ten years." However, under the Alabama Criminal Code, a felony is "[a]n offense for which a sentence to a term of imprisonment in excess of one year is authorized. . . ." Ala. Code 1975, §13A-1-2(4).
First degree rape is a Class A felony. § 13A-6-61(b). Where a defendant has been previously convicted of anythree felonies, "[o]n conviction of a Class A felony, he must be punished by imprisonment for life without parole." § 13A-5-9(c)(3) (emphasis added). Consequently, the consideration of a fourth conviction, even if erroneously treated as a felony, was harmless because the mandatory sentence was life without parole regardless of whether the appellant had three or four prior convictions. "[A]ny error in proving prior convictions in excess of the number needed to invoke the Habitual Offender Act is error without injury, where the evidence of the unneeded prior convictions did not prejudice the defendant." Smith v. State, *Page 1284 401 So.2d 251, 256-57 (Ala.Cr.App.), cert. denied, 401 So.2d 257
(Ala. 1981).
 IV.
At the sentence hearing, the State also presented evidence that the appellant had a second conviction for grand larceny, for which he was sentenced to 18 months' imprisonment. The appellant, Edward Lee Edwards, claims that that was nothis conviction. The grand larceny conviction identifies the defendant as "Robert Lee Edwards." R. 83. The appellant was indicted in the present case as "Edward Lee Edwards, alias Robert Lee Edwards." R. 6.
When this issue was raised at the sentence hearing, defense counsel, in response to the trial court's question, indicated that he had no evidence that "that's not him" at that particular time. When the trial court stated, "Well, the burden's on [the appellant]," defense counsel replied, "I understand." R. 274-75. Further inquiry in the matter satisfied the trial court "that that's one and the same person from the particular records of the court." R. 277.
The State had the burden of proving that the appellant had at least three prior felony convictions. Rule 26.6(b)(3)(iii), A.R.Crim.P. However, "[t]he identity of name raises a prima facie presumption of the sameness of the person." Weeks v.State, 473 So.2d 589, 591 (Ala.Cr.App. 1985). "Once the State has made proper proof of prior convictions for sentence enhancement purposes, and an objection to that proof is made, the defendant bears the 'burden of presenting evidence in support thereof.' " Carlisle v. State, 533 So.2d 645,649 (Ala.Cr.App. 1987), quoting Smith v. State,492 So.2d 638, 642 (Ala.Cr.App. 1986). See also Shephard v.State, 539 So.2d 449, 450 (Ala.Cr.App. 1988).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.