ON APPLICATION FOR REHEARING

BOWEN, Presiding Judge.
Our original opinion on return to remand after remand, which was released November 13, 1992, is hereby withdrawn and this opinion is substituted therefor.
The appellant’s conviction for murder was affirmed by this Court in Connolly v. State, 602 So.2d 443 (Ala.Cr.App.1990), but the cause was later remanded for resentencing, Connolly v. State, 602 So.2d 457 (Ala.Cr.Ap.1992), in accordance with the opinion of the Alabama Supreme Court in Connolly v. State, 602 So.2d 452 (Ala.1992). In its opinion, the Alabama Supreme Court stated:
“[T]he State at any sentencing hearing can attempt to prove all of the defendant’s previous felony convictions of which it is aware. The State’s failure to offer certain felonies as the basis for HFOA sentence enhancement does not prevent the State’s offer of those felonies at any subsequent sentencing hearing. Where the State, between sentencing hearings, learns of previous felony convictions, it is under a duty to attempt to prove them at the subsequent sentencing hearing.”
602 So.2d at 455.
On remand, the appellant was sentenced as a habitual felony offender with three prior felony convictions to life imprisonment without the possibility of parole.
On this return to remand, the appellant again argues that he only had two prior felony convictions because the Oklahoma “conviction” was merely a plea of guilty without sentencing and a plea of guilty by itself does not constitute a conviction. This Court addressed this issue on original submission and issued the following caution:
“The records in that [Oklahoma] automobile larceny case do not show that the judgment and sentence have ever been entered in that case.
“ ‘The term “judgment” means the adjudication of the court based upon a plea of guilty by the defendant....’ Rule 1(a), A.R.Crim.P.Temp. ‘The term “sentence” means the pronouncement by the court of the penalty imposed upon the defendant *591 after a judgment of guilty.’ Rule 1(b).. See Rules 26.1(a)(1) and (2), A.R.Crim.P. ... Upon remand, if the State seeks to invoke this prior felony, in addition to showing that the appellant received proper notification, the State should also show that there had in fact been an actual conviction.”
Connolly, 602 So.2d at 450. The Alabama Supreme Court commented on this caution:
“Connolly also argues that the State failed to prove a prior conviction in Oklahoma because the evidence showed only that he had pled guilty in Oklahoma and that judgment and sentencing had been deferred to a later date. Because this case must be reversed in regard to the notice aspect of the HFOA, we simply observe that the Court of Criminal Appeals properly referred to Rule 26.1(a)(1) for the definition of a ‘judgment,’ and that a ‘conviction’ is an adjudication of guilt. See Summerhill v. State, 436 So.2d 2, 5 (Ala.Crim.App.1983).”
Connolly, 602 So.2d at 456-57. In Summerhill, 436 So.2d at 5, this Court held “that a previous ‘adjudication’ of guilt of a felony constitutes a previous ‘conviction’ of a felony whenever the term ‘previous conviction’ of a felony, or its equivalent, is used in the Habitual Felony Offenders law of Alabama.” “In connection with the Alabama Habitual Felony Offender Act, a conviction means an adjudication of guilt.” Carroll v. State, 599 So.2d 1253, 1266 (Ala.Cr.App.1992) (“[T]he term ‘conviction’ as used in ... [Alabama’s Death Penalty Act] means that there must have been a prior ‘judgment’ and ‘sentence’ and ‘determination of guilt’ as those terms are defined by Rule 26.1(a)(1), (2), and (3), AR.Crim.P.”).
The trial court sentenced the appellant as a habitual felony offender with three prior convictions despite the cautions issued by this Court and the Alabama Supreme Court and despite the fact that there was no additional evidence of any Oklahoma “conviction” introduced at the resentencing on remand.
The attorney general “recognizes that in this case ‘judgment and sentence’ were deferred pending successful completion of probation.” Appellee’s brief filed December 23, 1992, at 4. The documents entered into evidence by the State show that on October 18, 1979, the appellant “withdrew his plea of not guilty and entered a plea of guilty” and that “judgment and sentence [were] deferred to Thursday, October 23, 1980.” R. 668. On that same date, the imposition of judgment and sentence were suspended and the appellant was ordered to “co-operate with the State of Oklahoma in any pending prosecution wherein you may be subpoenaed as a witness, by telling the truth, only,” and “to pay to the Sheriff of Greer County, as restitution for Frank Sullivan herein, the sum of $600.00 on or before October 23, 1980, by making monthly payments of not less than $50 each, beginning December 1, 1979.” R. 667. The appellant did not appear when his case was called on the docket on October 23, 1980, and a bench warrant was issued for his arrest. R. 669.
Here, the State has again failed to show that the appellant has been adjudicated guilty of a felony in Oklahoma. Maxwell v. State, 336 So.2d 658 (Fla.App.1976), cited by the appellee does not help. In that ease, there were specific statutes “showing] the legislature’s view that withholding of adjudication is to be treated as a judgment of conviction for purposes of subsequent punishments, at least where the second crime is committed during the probationary period.” Maxwell, 336 So.2d at 660. Alabama has no such statute. More significantly, under Oklahoma law, a “ ‘deferred sentence’ is not a conviction until such time as the trial court pronounces judgment and sentence.” Belle v. State, 516 P.2d 551, 552 (Okla.Crim.App.1973).
Therefore, this case is once again remanded to the trial court with' directions that a hearing be held at which the appellant shall be resentenced as a habitual felony offender with two prior felony convictions unless the State can produce proper evidence that the appellant has a felony “conviction” in the State of Oklahoma as the term “conviction” is defined in this opinion. The appellant shall be afforded his right to be present and represented by counsel at that hearing. A return shall be made to this court reflecting the *592 execution of these directions within 90 days from the date of this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REMANDED WITH INSTRUCTIONS.
All Judges concur.