The appellant, Edgar Allen Hayes, was convicted of attempted murder, in violation of § 13A-4-2, Code of Alabama 1975. He was sentenced to life in prison.
The state's evidence tended to show that on June 24, 1992, the victim, Eddie James Yates, was shot in the legs and lower abdomen while walking home from a friend's house. The victim testified that the appellant approached him and asked him for money. After the victim refused to give him any money, the appellant ordered him to get on his knees. The victim was backing away from the appellant when the appellant shot him several times.
The appellant presents four issues for appellate review.
 I
First, the appellant argues that he was denied his Sixth Amendment right to a speedy trial. The appellant was arrested in June 1992 and his trial took place on September 15, 1993.
In reviewing a speedy trial issue, we must consider four factors: (1) the length of the delay, (2) the reason for the delay, (3) the appellant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
The right to a speedy trial attaches when the defendant is arrested. Russaw v. State, 624 So.2d 234 (Ala.Cr.App. 1993). Here, almost 15 months elapsed between the appellant's arrest and trial. However, the mere passage of time, without more, will not constitute a denial of the right to a speedy trial.Kimberly v. State, 501 So.2d 534 (Ala.Cr.App. 1986). "[B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke . . . an inquiry is necessarily dependent upon the peculiar circumstances of the case." Barker,407 U.S. at 530-31, 92 S.Ct. at 2192.
This court has held that a 15-month delay was not presumptively prejudicial. Vo v. State, 612 So.2d 1323
(Ala.Cr.App. 1992); Kelley v. State, 568 So.2d 405 (Ala.Cr.App. 1990); Dykes v. State, 452 So.2d 1377 (Ala.Cr.App. 1984).
The appellant asserted his right to a speedy trial on December 3, 1992. However, from a review of the record, it does not appear that the state delayed this case. In fact, much of the delay was caused by the appellant or the appellant's counsel. The case was originally set for trial on January 4, 1993. The original trial date and a rescheduled trial date in February 1993 were canceled at the request of defense counsel. *Page 13 
Continuation of this case on these two occasions was to await a psychiatric examination of the appellant requested by defense counsel. The record reflects that the appellant was examined on March 30, 1993. However, there is a conflict in the record as to the date when the results of the examination were sent to the circuit court — one letter indicates the results were sent on April 7, 1993, and another indicates June 15, 1993. In any event, much of the delay can be attributed to the appellant. " 'Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant in applying the balancing test ofBarker.' " Zumbado v. State, 615 So.2d 1223 (Ala.Cr.App. 1993), quoting McCallum v. State, 407 So.2d 865, 868 (Ala.Cr.App. 1981).
Moreover, the appellant has failed to show that the delay prejudiced him. The appellant was incarcerated while he awaited trial; however, this court has previously held that a 15-month incarceration does not necessarily cause substantial prejudice to a defendant's rights. Kelley, supra.
Considering all of the Barker factors, especially the fact that much of the delay was attributable to the appellant, we find that the appellant's right to a speedy trial was not violated.
 II
The appellant also argues that the court committed reversible error by sentencing the appellant without a formal adjudication of guilt. However, a review of the record shows the following:
 "[The court]: All right. Mr. R., has the jury reached a verdict in the case?
"[Juror R.]: Yes, Your Honor.
"[The court]: Would you read the verdict, please?
 "[Juror R.]: 'We the jury, find the defendant guilty of attempted murder.'
 "[The court]: All right. Ladies and Gentlemen, is that the unanimous verdict of each and every one of you? (Jurors indicate collectively)
 "[The court]: Let the record reflect that every juror indicated in the affirmative.
 "The Court accepts your verdict in the case. Given the defendant's prior record — that is, with two felonies — of which, [defense counsel], the defendant has received notice of the State's intention to proceed under the Habitual Offender Act."
Commonly, the court would say "the jury having returned a verdict of guilty of __________, I do hereby adjudge you guilty of that offense" or words to that effect. However, the trial court's "acceptance" of the jury's verdict amounted to an implicit adjudication of guilt. See Tidmore v. State,436 So.2d 21 (Ala.Cr.App. 1983).
 III
The appellant argues that he was unlawfully sentenced as a habitual offender under § 13A-5-9, Code of Alabama 1975. Specifically, he argues that there was no evidence in the record of previous felony convictions to support his sentence under the Habitual Felony Offender Act.
During the trial, the appellant testified on direct examination as follows:
 "[Defense counsel]: All right sir. Now, Mr. Hayes, back in 1974 do you remember being convicted of the charge of assault with the intent to rape?
"A: Yes, a long time ago.
 "Q: Please move your hand down where we can hear you?
"A: Yeah.
 "Q: 1974. You would have been age 17 at that time?
"A: Yeah.
 "Q: All right. Now, do you remember back in the year 1982, 11 years ago, do you remember being convicted of a burglary charge?
"A: Right, yeah."
For determining habitual felony offender status, a defendant's prior convictions may be proved by his admissions to those prior convictions at trial. Bethune v. State,542 So.2d 332 (Ala.Cr.App. 1989); Perry v. State, 568 So.2d 873
(Ala.Cr.App. 1990). Because the appellant admitted to his prior felony convictions, the trial court had the *Page 14 
authority to sentence him under the Habitual Felony Offender Act.
 IV
Last, the appellant argues that it was an abuse of discretion for the trial court to refuse to inquire into alleged juror misconduct. Near the end of the evidentiary portion of the trial, defense counsel informed the court of alleged juror misconduct in this case and requested that the trial court make an inquiry into the alleged misconduct. Defense counsel stated that he had received information from a member of the venire who had overheard several jurors discussing the case among themselves. This member of the venire told defense counsel that these jurors had formed a premature opinion about the appellant's guilt. The record reflects that the court refused to inquire into this matter.
Upon being placed on notice, the court was required to inquire as to whether some jurors had stated how they would decide the case before they had heard all the evidence. We remand this case so that the court can hold a hearing to determine whether these jurors actually had entered into premature deliberation, and, if so, whether they had expressed fixed opinions as to the appellant's guilt before the conclusion of the evidence and before the case was submitted to them. The court should make written findings of fact concerning this issue.
As this court stated in Holland v. State, 588 So.2d 543
(Ala.Cr.App. 1991):
 "In cases involving juror misconduct, a trial court generally will not be held to have abused its discretion 'where the trial court investigates the circumstances under which the remark was made, its substance, and determines that the rights of the appellant were not prejudiced by the remark.' Bascom v. State, 344 So.2d 218, 222 (Ala.Cr.App. 1977). However, the trial judge has a duty to conduct a 'reasonable investigation of irregularities claimed to have been committed' before he concludes that the rights of the accused have not been compromised. Phillips v. State, 462 So.2d 981, 990 (Ala.Cr.App. 1984). His investigation should include a 'painstaking and careful' inquiry into the alleged juror misconduct. Lauderdale v. State, 22 Ala. App. 52, 54, 112 So. 92, 93 (1927)."
588 So.2d at 546.
If it is found that any of the jurors had formed opinions due to any conversations before the jury retired to deliberate, the appellant was denied an impartial jury and is entitled to a new trial. Hartley v. State, 516 So.2d 802
(Ala.Cr.App. 1986).
For the reasons stated above, this cause is remanded to the Circuit Court for Mobile County. The court's written findings should be filed with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.