688 So.2d 275 (1995)
Alonzo HURTH
v.
STATE.
CR-93-2002.
Court of Criminal Appeals of Alabama.
August 18, 1995.
*276 Gerald L. Miller, Birmingham, for Appellant.
Jeff Sessions, Atty. Gen., and Gregory O. Griffin, Sr., Asst. Atty. Gen., for Appellee.
LONG, Judge.
Alonzo Hurth, the appellant, was convicted of robbery in the first degree and was sentenced as a habitual felony offender with three prior felony convictions to life imprisonment without the possibility of parole.
The appellant raises six issues on this direct appeal of his conviction. Because we are remanding this case to the trial court, we need address at this time only the appellant's contention that the State did not prove a prior Georgia felony conviction that was used to enhance his sentence for the purpose of applying the Habitual Felony Offender Act, because, he says, the State failed to show that he had been adjudicated guilty as to that felony. During the sentencing proceedings, the State presented evidence attempting to prove a 1974 Georgia felony conviction for forgery in the first degree based on a guilty plea and two prior Alabama felony convictions. With regard to the Georgia case, a document entitled "Sentence," a document entitled "Order of Probation," and a document entitled "True Bill" were admitted. The latter document contained the following language: "Alonzo Hurth waives copy of indictment, list of witnesses, full panel, formal arraignment, and pleads guilty." It was signed by the appellant, the appellant's attorney, the "Foreman," and the district attorney.
"In Summerhill [v. State], 436 So.2d [2,] 5 [(Ala.Cr.App.1983)], this Court held `that a previous "adjudication" of guilt of a felony constitutes a previous "conviction" of a felony whenever the term "previous conviction" of a felony, or its equivalent, is used in the Habitual Felony Offenders law of Alabama.' `In connection with the Alabama Habitual Felony Offender Act, a conviction means an adjudication of guilt.' Carroll v. State, 599 So.2d 1253, 1266 (Ala. Cr.App.1992)...."
Connolly v. State, 632 So.2d 590, 591 (Ala.Cr. App.1993).
The appellant argues that the documentation submitted by the State with regard to the 1974 Georgia case did not prove that there had been an adjudication of guilt in that case, which adjudication is necessary to constitute a prior conviction for purposes of the Habitual Felony Offender Act. We must agree. We recognize that an adjudication of guilt can be implied in certain instances where a jury has returned a guilty verdict. See Hayes v. State, 647 So.2d 11 (Ala.Cr. App.1994) (trial court's statement on the record that it accepts jury's guilty verdict operates as an implicit adjudication of guilt); Tidmore v. State, 436 So.2d 21 (Ala.Cr.App.1983) (even absent an express statement by trial court that defendant has been adjudicated guilty, adjudication of guilt results when record contains a valid sentence in proper form by the court and a judgment entry showing that the jury found the defendant guilty); see also Committee Comments to Rule 26.1, A.R.Crim.P. In this case, however, none of the documents introduced by the State during the sentencing proceedings to prove the Georgia conviction reflected that the trial court had accepted the guilty plea or indicated in any way that the court had adjudicated the appellant guilty of the offense of forgery in the first degree. Because the State failed to show an adjudication of guilt, this case *277 must be remanded for resentencing. Connolly; Pickett v. State, 456 So.2d 330 (Ala.Cr. App.1982); Summerhill v. State, 420 So.2d 804 (Ala.Cr.App.1982).
This case is remanded with directions to the trial court to hold a hearing at which the appellant shall be resentenced as a habitual felony offender with two prior felony convictions unless the State can produce proper evidence of a felony conviction in the State of Georgia. A return to remand shall be filed with this Court within 63 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
The parties, of course, have not relinquished their respective positions regarding the other issues raised on appeal, and this Court reserves comment on those other issues until the trial court complies with the directions contained in this opinion and until a proper return is made to this Court.
REMANDED WITH INSTRUCTIONS.[*]
TAYLOR, P.J., and McMILLAN, J., concur.
COBB, J., dissents with opinion, with PATTERSON, J., joining.
COBB, Judge, dissenting.
The majority, in remanding this case to the trial court for sentencing, has incorrectly concluded that "none of the documents introduced by the State ... to prove the Georgia conviction reflected that the trial court had accepted the guilty plea or indicated in any way that the court had adjudicated the appellant guilty of the offense of forgery in the first degree." Consequently, I must respectfully dissent.
Before sentencing the appellant to life imprisonment without parole, the trial judge exercised an abundance of caution in ascertaining that the appellant was indeed the same person who was named in the Alabama and Georgia convictions that were proved by the State at three sentencing hearings. Numerous documents were submitted by the State to prove the defendant's criminal history, in compliance with the requirements of the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975.
Although the majority admits that "an adjudication of guilt can be implied in certain instances where a jury has returned a guilty verdict," it has failed to apply a similar analysis to the instant case. In this case, the State presented a document entitled "Sentence," an "Order of Probation," and a document entitled "True Bill," all related to the appellant's prior conviction in Georgia. This latter multipurpose form contained the indictment, a waiver of arraignment, and a plea of guilty by the appellant, complete with the signature of not only the appellant, but also the appellant's attorney, the district attorney, and the grand jury foreman. (R. 94.)
The document entitled "Sentence" contained the charge, the case number, which corresponds to the number on the indictment, a notation that the defendant pleaded guilty, and the sentence. The sentence, followed by the judge's signature, was as follows:
"WHEREUPON, It is ordered and adjudged by the Court that the Defendant Alonzo Hurth be taken from the Bar of this Court to the jail of Fulton County and be there safely kept until a sufficient guard is sent for him from the Georgia Penitentiary, and be then delivered to, and be by said guard taken to said Penitentiary, or to such other place as the Director of Corrections may direct, where he, the said defendant, be confined at labor for the full term of three (3) years to serve six (6) months to be computed according to law.
"Balance of Sentence Probated and the order of Probation, if any, is incorporated Herein by Reference, and on Condition Defendant not violate the Laws of Georgia, and until further Order of the Court."
(R. 94.)
The majority cites Tidmore v. State, 436 So.2d 21 (Ala.Cr.App.1983), which applied the *278 analysis that should be applied in this case. The court in Tidmore said that
"`although we would deem it to be better practice for the trial judge to formally adjudge the defendant guilty before rendering sentence, our courts have consistently held that an implied judgment of guilty results where there appears a valid sentence in proper form by the court in compliance with a verdict of guilt.'"
436 So.2d at 22, quoting Poellnitz v. State, 48 Ala.App. 144, 262 So.2d 631 (Ala.Cr.App. 1972). In this case, as proof of the Georgia convictions, there is a valid plea of guilty signed by the appellant, the appellant's lawyer, and the district attorney, and following that plea is the court's sentence of three years in the state penitentiary. Although the phrase "adjudication of guilt" was omitted from this Georgia form, a reasonable interpretation of this document would lead to the conclusion that the appellant had indeed been convicted of forgery in the first degree. Consequently, the reasoning of Tidmore should be extended to valid pleas of guilty. To hold otherwise would create an arbitrary distinction between convictions resulting from jury verdicts and those resulting from guilty pleas.
In Esters v. State, 480 So.2d 615, 616 (Ala. Cr.App.1985), Judge Patterson, writing for the court, stated, "A proper method to prove a prior conviction is by introducing a certified copy of the judgment entry, ... or a certified copy of the minute entry ..., which must affirmatively show that the defendant was represented by counsel at the time of the prior conviction." Judge Patterson used the phrase "[a] ... method" not "the method." Hence, it follows that a document that does affirmatively show the appellant's plea of guilty, his sentence, and that he was represented by counsel, should indeed meet the standard for proving a conviction for purposes of applying Alabama's Habitual Felony Offender Act.
In addition, the appellant cites Pickett v. State, 456 So.2d 330 (Ala.Crim.App.1982), which held that a conviction must be shown by a judgment entry and not by a "sentence of judgment" form. However, the court went on to state that the sentencing form used in Pickett did not "affirmatively show that the defendant was represented by an attorney or waived this right." Pickett v. State, 456 So.2d 330 at 338. Consequently, Pickett can be distinguished from this case because the Georgia document in this case included the signatures of the appellant and the appellant's attorney.
The ruling of the majority causes great concern. It is easy to foresee countless defendants with felony convictions in states that do not require the use of the specific expression of "the adjudication of guilt" by the sentencing judge avoiding the sanctions of the Habitual Felony Offender Act.
Based on the foregoing, I must dissent.
NOTES
[*] Note from the Reporter of Decisions: On June 21, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On August 23, 1996, that court denied rehearing, without opinion. On December 20, 1996, the Supreme Court denied certiorari review, without opinion (1952030).