Alonzo Hurth, the appellant, was convicted of robbery in the first degree and was sentenced as a habitual felony offender with three prior felony convictions to life imprisonment without the possibility of parole.
The appellant raises six issues on this direct appeal of his conviction. Because we are remanding this case to the trial court, we need address at this time only the appellant's contention that the State did not prove a prior Georgia felony conviction that was used to enhance his sentence for the purpose of applying the Habitual Felony Offender Act, because, he says, the State failed to show that he had been adjudicated guilty as to that felony. During the sentencing proceedings, the State presented evidence attempting to prove a 1974 Georgia felony conviction for forgery in the first degree based on a guilty plea and two prior Alabama felony convictions. With regard to the Georgia case, a document entitled "Sentence," a document entitled "Order of Probation," and a document entitled "True Bill" were admitted. The latter document contained the following language: "Alonzo Hurth waives copy of indictment, list of witnesses, full panel, formal arraignment, and pleads guilty." It was signed by the appellant, the appellant's attorney, the "Foreman," and the district attorney.
 "In Summerhill [v. State], 436 So.2d [2,] 5 [(Ala.Cr.App. 1983)], this Court held 'that a previous "adjudication" of guilt of a felony constitutes a previous "conviction" of a felony whenever the term "previous conviction" of a felony, or its equivalent, is used in the Habitual Felony Offenders law of Alabama.' 'In connection with the Alabama Habitual Felony Offender Act, a conviction means an adjudication of guilt.' Carroll v. State, 599 So.2d 1253, 1266 (Ala.Cr.App. 1992). . . ."
Connolly v. State, 632 So.2d 590, 591 (Ala.Cr.App. 1993).
The appellant argues that the documentation submitted by the State with regard to the 1974 Georgia case did not prove that there had been an adjudication of guilt in that case, which ad judication is necessary to constitute a prior conviction for purposes of the Habitual Felony Offender Act. We must agree. We recognize that an adjudication of guilt can be implied in certain instances where a jury has returned a guilty verdict. See Hayes v. State, 647 So.2d 11 (Ala.Cr.App. 1994) (trial court's statement on the record that it accepts jury's guilty verdict operates as an implicit adjudication of guilt); Tidmorev. State, 436 So.2d 21 (Ala.Cr.App. 1983) (even absent an express statement by trial court that defendant has been adjudicated guilty, adjudication of guilt results when record contains a valid sentence in proper form by the court and a judgment entry showing that the jury found the defendant guilty); see also Committee Comments to Rule 26.1, A.R.Crim.P. In this case, however, none of the documents introduced by the State during the sentencing proceedings to prove the Georgia conviction reflected that the trial court had accepted the guilty plea or indicated in any way that the court had adjudicated the appellant guilty of the offense of forgery in the first degree. Because the State failed to show an adjudication of guilt, this case *Page 277 
must be remanded for resentencing. Connolly; Pickett v. State,456 So.2d 330 (Ala.Cr.App. 1982); Summerhill v. State,420 So.2d 804 (Ala.Cr.App. 1982).
This case is remanded with directions to the trial court to hold a hearing at which the appellant shall be resentenced as a habitual felony offender with two prior felony convictions unless the State can produce proper evidence of a felony conviction in the State of Georgia. A return to remand shall be filed with this Court within 63 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
The parties, of course, have not relinquished their respective positions regarding the other issues raised on appeal, and this Court reserves comment on those other issues until the trial court complies with the directions contained in this opinion and until a proper return is made to this Court.
 REMANDED WITH INSTRUCTIONS.*
TAYLOR, P.J., and McMILLAN, J., concur.
COBB, J., dissents with opinion, with PATTERSON, J., joining.
* Note from the Reporter of Decisions: On June 21, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion, On August 23, 1996, that court denied rehearing, without opinion. On December 20, 1996, the Supreme Court denied certiorari review, without opinion (1952030).