The majority, in remanding this case to the trial court for sentencing, has incorrectly concluded that "none of the documents introduced by the State . . . to prove the Georgia conviction reflected that the trial court had accepted the guilty plea or indicated in any way that the court had adjudicated the appellant guilty of the offense of forgery in the first degree." Consequently, I must respectfully dissent.
Before sentencing the appellant to life imprisonment without parole, the trial judge exercised an abundance of caution in ascertaining that the appellant was indeed the same person who was named in the Alabama and Georgia convictions that were proved by the State at three sentencing hearings. Numerous documents were submitted by the State to prove the defendant's criminal history, in compliance with the requirements of the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975.
Although the majority admits that "an adjudication of guilt can be implied in certain instances where a jury has returned a guilty verdict," it has failed to apply a similar analysis to the instant case. In this case, the State presented a document entitled "Sentence," an "Order of Probation," and a document entitled "True Bill," all related to the appellant's prior conviction in Georgia. This latter multipurpose form contained the indictment, a waiver of arraignment, and a plea of guilty by the appellant, complete with the signature of not only the appellant, but also the appellant's attorney, the district attorney, and the grand jury foreman. (R. 94.)
The document entitled "Sentence" contained the charge, the case number, which corresponds to the number on the indictment, a notation that the defendant pleaded guilty, and the sentence. The sentence, followed by the judge's signature, was as follows:
 "WHEREUPON, It is ordered and adjudged by the Court that the Defendant Alonzo Hurth be taken from the Bar of this Court to the jail of Fulton County and be there safely kept until a sufficient guard is sent for him from the Georgia Penitentiary, and be then delivered to, and be by said guard taken to said Penitentiary, or to such other place as the Director of Corrections may direct, where he, the said defendant, be confined at labor for the full term of three (3) years to serve six (6) months to be computed according to law.
 "Balance of Sentence Probated and the order of Probation, if any, is incorporated Herein by Reference, and on Condition Defendant not violate the Laws of Georgia, and until further Order of the Court."
(R. 94.)
The majority cites Tidmore v. State, 436 So.2d 21
(Ala.Cr.App. 1983), which applied the *Page 278 
analysis that should be applied in this case. The court inTidmore said that
 " 'although we would deem it to be better practice for the trial judge to formally adjudge the defendant guilty before rendering sentence, our courts have consistently held that an implied judgment of guilty results where there appears a valid sentence in proper form by the court in compliance with a verdict of guilt.' "
436 So.2d at 22, quoting Poellnitz v. State, 48 Ala. App. 144,262 So.2d 631 (Ala.Cr.App. 1972). In this case, as proof of the Georgia convictions, there is a valid plea of guilty signed by the appellant, the appellant's lawyer, and the district attorney, and following that plea is the court's sentence of three years in the state penitentiary. Although the phrase "adjudication of guilt" was omitted from this Georgia form, a reasonable interpretation of this document would lead to the conclusion that the appellant had indeed been convicted of forgery in the first degree. Consequently, the reasoning ofTidmore should be extended to valid pleas of guilty. To hold otherwise would create an arbitrary distinction between convictions resulting from jury verdicts and those resulting from guilty pleas.
In Esters v. State, 480 So.2d 615, 616 (Ala.Cr.App. 1985), Judge Patterson, writing for the court, stated, "A proper method to prove a prior conviction is by introducing a certified copy of the judgment entry, . . . or a certified copy of the minute entry . . ., which must affirmatively show that the defendant was represented by counsel at the time of the prior conviction." Judge Patterson used the phrase "[a] . . . method" not "the method." Hence, it follows that a document that does affirmatively show the appellant's plea of guilty, his sentence, and that he was represented by counsel, should indeed meet the standard for proving a conviction for purposes of applying Alabama's Habitual Felony Offender Act.
In addition, the appellant cites Pickett v. State,456 So.2d 330 (Ala.Crim.App. 1982), which held that a conviction must be shown by a judgment entry and not by a "sentence of judgment" form. However, the court went on to state that the sentencing form used in Pickett did not "affirmatively show that the defendant was represented by an attorney or waived this right."Pickett v. State, 456 So.2d 330 at 338. Consequently, Pickett
can be distinguished from this case because the Georgia document in this case included the signatures of the appellant and the appellant's attorney.
The ruling of the majority causes great concern. It is easy to foresee countless defendants with felony convictions in states that do not require the use of the specific expression of "the adjudication of guilt" by the sentencing judge avoiding the sanctions of the Habitual Felony Offender Act.
Based on the foregoing, I must dissent.