BROWN, Judge.
The appellant, Terry Poole, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975, and was sentenced, as a habitual offender, to life imprisonment without the possibility of parole.
I.
Poole claims that the trial court erred in admitting, as evidence of a prior felony conviction, certified copies of documents that, he says, did not represent a valid judgment of conviction and that, he says, failed to show whether he was represented by counsel at the time of his guilty plea. The documents in question are entitled “Sentence to Diversion Center Conditions of Probation (Felony or State Misdemeanor),” “Conditions of Probation Order,” and “Accusation” charging Poole with burglary and theft by taking in Gordon County, Georgia. (C. 23-27.)
Section 13A-5-10.1(a), Code of Alabama 1975, states:
“Certified copies of case action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior convictions of a crime, if the prior conviction is otherwise admissible under the laws of this state.”
(Emphasis added.) Poole’s argues that the state can offer only certified copies of case action summaries or docket sheets as evidence of prior convictions. However, the statute specifically allows the admission of other types of court records to prove prior convictions. The documents in this case clearly show that Poole pleaded guilty to burglary and theft by taking. (C. 23.) The “Accusation” contains a waiver of indictment and arraignment and allows the defendant to enter a plea of not guilty or guilty. Poole entered a guilty plea by signing the waiver and plea; his attorney also signed the documents. (C. 27.) Because the Accusation indicates that Poole was represented by counsel at that stage, we presume that the attorney represented Poole at all critical stages of the proceedings. § 13A-5-10.1(e), Code of Alabama 1975; Bush v. State, 695 So.2d 70 (Ala.Cr.App.1995), aff'd, 695 So.2d 138 (Ala.1997).
Hurth v. State, 688 So.2d 275 (Ala.Cr.App.1995), cited by the state in its brief to this court, addresses the use of certified copies of Georgia felony convictions for sentence enhancement under the Habitual Felony Offender Act. This Court remanded that cause to the trial court with directions that it re-sentence Hurth without considering the *500 Georgia conviction because there was nothing in the documents from Fulton County, Georgia, that expressly stated that Hurth had been adjudicated guilty. The documents used to support the enhancement of Hurth’s sentence were entitled “Sentence,” “Order of Probation,” and “True Bill.” As in the instant ease, Hurth had entered a guilty plea by signing a waiver contained in the “True Bill.” The majority decision in Hurth sparked a strong dissent by Judge Cobb, joined by Judge Patterson, which stated, in part, that “ ‘ “an "implied judgment of guilty results where there appears a valid sentence in proper form by the court in compliance with a verdict of guilt.” ’ ” Hurth, 688 So.2d at 278 (quoting Tidmore v. State, 436 So.2d 21, 22 (Ala.Cr.App.1983), quoting, in turn, Poellnitz v. State, 48 Ala.App. 144, 262 So.2d 631 (1972)).
The state, noting that Hurth is factually similar to the instant ease with respect to the Gordon County convictions, urges this court to overrule our holding in Hurth. However, it is unnecessary for us to revisit Hurth at this time. Assuming, on the authority of Hurth, that the trial court improperly considered the Gordon County, Georgia, convictions in enhancing Poole’s sentence, such error was harmless because, as we discuss below in Part II, three other prior felony convictions were properly established. Edwards v. State, 612 So.2d 1282, 1283-84 (Ala.Cr.App.1992).
II.
Poole argues that the trial court erred in admitting certified copies of three prior felony convictions from Monroe County, Georgia, because, he says, 1) the documents are not certified copies of minute entries, 2) the three convictions should be considered only one conviction because they are listed under one case number, and 3) the state failed to prove that the defendant named in the convictions, Terry Gene Poole, and the defendant in this case, Terry Poole, are the same person. These arguments are also without merit.
The certified copies of the “Bill of Indictment,” “Final Disposition,” and “Prisoner’s Personal History Sheet” in case number 86-R-19 are clearly “other records of the court” under § 13A-5-10.1 and unquestionably show that Poole pleaded guilty to three offenses — armed robbery, aggravated assault on a police officer, and possession of a sawed-off shotgun — and that he was represented by counsel when he did so. (C. 40.) These same documents reflect that he was sentenced separately for each conviction: 15 years’ imprisonment for the armed robbery conviction; 15 years’ imprisonment for the conviction for aggravated assault on a police officer; and 5 years’ imprisonment for the conviction for possession of a sawed-off shotgun. The certified copies of these documents in ease number 86-R-19 were properly admitted by the trial court as proof of three prior felony convictions for the purpose of applying the Habitual Felony Offender Act. Compare Vason v. State, 574 So.2d 860, 862 (Ala.Cr.App.1990) (convictions for burglary and grand larceny arising out of same transaction were considered two convictions for purpose of sentence enhancement under Habitual Felony Offender Act).
Moreover, the certified copy of the “Prisoner’s Personal History Sheet” shows that Terry Gene Poole has the same Social Security number and the same date of birth as the Terry Poole in the instant case. (C. 41, 45.) When, as here, the state makes a prima facie showing as to identity, the burden shifts to the defendant to show that he is not the same individual named in the documents evidencing the prior convictions. Edwards v. State, 612 So.2d at 1284. Poole failed to carry his burden; therefore, his claim that he was not the Terry Gene Poole who was the object of these particular Georgia convictions is without merit.
III.
Poole contends that the trial court erred because, he says, it would not allow him to conduct a voir dire examination of the victim, outside the presence of the jury, in order to challenge her in-court identification of him. When the prosecutor asked the victim if the person who robbed her was in the courtroom, Poole objected on the ground that, “I assume we need to have a voir dire *501 examination on identification.” (R. 12.) The trial court offered to let counsel examine the victim in the presence of the jury, but Poole wanted to conduct his examination outside the presence of the jury. The trial court refused to allow such an examination and overruled the objection. In his brief on appeal, Poole argues that he was entitled to a hearing outside the presence of the jury on his motion to suppress; however, there is nothing in the record to show that he ever made a motion to suppress. In addition, the stated ground of objection, i.e., the need for a voir dire examination, is not sufficiently specific to preserve this issue for our review. See Garth v. State, 536 So.2d 173, 175 (Ala.Cr.App.1988) (lack of both a timely objection as well as a motion to suppress identification did not preserve issue of victim’s improper pre-trial identification). We further note that Poole failed to make an offer of proof, after the trial court overruled his objection, of what he expected his examination to prove. Rule 103(a)(2), Ala.R.Evid.; Gamble, McElroy’s Alabama Evidence, § 425.01(5) (5th ed.1996); Mosley v. State, 644 So.2d 1299, 1302 (Ala.Cr.App.1994). Therefore, we hold that this issue is proeedurally barred.
IV.
Poole claims that the trial court erred because it did not charge the jury on the lesser-included offenses of robbery in the third degree and theft of property in the second degree. The evidence adduced at trial tended to show that, while she was in bed one morning, Mary Jo Shell heard footsteps in her home. A man, whom she identified in court as Terry Poole, entered her bedroom and demanded the keys to her car. (R. 11-12.) He was armed with a knife as he approached her. She testified that she was “scared ... to death.” (R. 14.) After she gave Poole her car keys, he pushed her back into her bedroom, pulled her telephone off the wall, and bound her with the telephone cord and her husband’s ties. (R. 15.) The victim testified that Poole also took her husband’s rifles and her purse. (R. 16-17.) On cross-examination, Ms. Shell testified that the knife Poole was holding belonged to her husband and that it had been hanging on a wall when Poole entered her home. (R. 27.)
Poole argues that because he was not armed when he entered Shell’s house and because, he says, the knife played no role in the actual theft, the trial court should have instructed the jury on the requested lesser-included offenses. However, the robbery statute does not require that Poole be armed before the robbery; he simply must be armed during the robbery or during his flight therefrom. Bush v. State, 580 So.2d 106, 108 (Ala.Cr.App.1991). In addition, the undisputed evidence that Poole used a knife in the commission of the offense eliminates theft in any degree as a lesser-included offense, see §§ 13A-8-2 through 4, and elevates robbery in the third degree to robbery in the first degree. Hyter v. State, 545 So.2d 194, 197 (Ala.Cr.App.1988).
“The evidence was uncontroverted that a knife was used in the course of the robbery and the appellant’s main line of defense was to contest the State’s witnesses on identification. Because the evidence was undisputed that ... the robber[ ] was armed with a knife, this crime constituted robbery in the first degree and nothing less..’
“ ‘... [T]he only issue was one of identity and, accordingly, the trial court did not err in failing to give the lesser-included offense[s] charged.’ ”
Id. (citations omitted).
V.
Finally, Poole contends that the evidence was insufficient to support his conviction of robbery in the first degree. In addition to the evidence recited above, Richard Salas, an officer with the Colorado State Patrol, testified that he was involved in a high-speed pursuit of a ear that turned out to be registered to Mary Jo Shell. The chase went on for 120 miles and ended when the car crashed into the Colorado River. Officer Salas testified that he pulled Poole from the car and recovered a purse containing personal items belonging to Ms. Shell. (R. 48-58.) Ms. Shell had earlier in the trial identified the purse as the one Poole took from her home at the time of the robbery.
*502 When reviewing a challenge to the sufficiency of the evidence, we must accept the state’s evidence as true, accord the state all legitimate inferences from the evidence and consider the evidence in the light most favorable to the state. Faust v. City of Gadsden, 639 So.2d 536, 538 (Ala.Cr.App.1993). Viewing the evidence in the light most favorable to the state, we find that it was clearly sufficient to support Poole’s conviction of robbery in the first degree.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.
COBB, J., concurs specially with opinion.