COBB, Judge,
concurring specially.
Although I concur with the result reached by the majority in its opinion, Part I of that opinion causes me great concern. The majority’s decision to apply a harmless error analysis prevents this court from rectifying a past mistake embodied in Hurth v. State, 688 So.2d 275 (Ala.Cr.App.1995).
In its brief to this court, the State urges us to overrule Hurth and to find that, in this ease, the Georgia documents sufficiently prove that Terry Poole, the appellant in this ease, had been convicted of a felony which was properly used by the trial court to enhance Poole’s sentence. See § 13A-5-9. The majority disagrees and refuses to overturn Hurth. Although the majority is correct that “three ... prior convictions [other than the Georgia conviction] were properly established,” making the enhancement of Poole’s sentence appropriate, the issue before us is whether the 1985 Gordon County, Georgia, conviction can be used for Habitual Felony Offender enhancement. There is no good reason to refrain from addressing this issue. To refrain from addressing it is to overlook a hypertechnieal application by this court of the terms “conviction” and “adjudication of guilt.”
The exhibits presented to the trial court by the State relating to the Gordon County, Georgia, felony convictions were as follows: the exemplification certifying the sentences and indictments, a form entitled “Sentence to Conversion Center and Conditions of Probation,” and another form entitled “Accusation.”
The accusation is described as an “indictment” in the exemplification form. This form used by the Gordon County, Georgia, courts in 1985 is, as I described the document of the 1974 Georgia conviction in my dissent in Hurth, supra, a “multipurpose form.” It contains the accusation, a waiver of indictment by the grand jury, a waiver of formal arraignment, and a plea of guilty. This form, dated June 6,1985, was signed by Poole and Poole’s trial counsel.
To verify this conviction, the State also filed a “Sentence to Diversion Center Conditions of Probation” form which was also dated June 6, 1985. This form contains a list of the offenses, a “plea of guilty,” the sentence, and the signatures of the trial judge, Poole, and Poole’s probation officer. It states: “[W]hereupon, it is ... ordered and adjudged by this Court that [Poole] is hereby sentenced to confinement for a period of seven years’ probation, first 60 days in Gordon County Jail, next 6 months in diversion center.” The remainder of the document includes the conditions of the appellant’s probation and an indication that Poole was advised of his rights.
The documents used to support the enhancement include everything needed to prove a conviction except the phrase “adjudication of guilt,” which obviously was not required by Georgia courts in 1985. There is only one difference between the documents in this case and the documents used to support enhancement in Hurth. This case involves a district attorney’s accusation, which is analogous to our district attorney’s information. See Rule 13.1(b), Ala. R.Crim. P.
As I stated in my dissent in Hurth:
“The majority cites Tidmore v. State, 436 So.2d 21 (Ala.Cr.App.1983), which applied the analysis that should be applied in this case. The court in Tidmore said that
“ ‘ “although we would deem it to be better practice for the trial judge to formally adjudge the defendant guilty before rendering sentence, our courts have consistently held that an implied *503 judgment of guilty results where there appears a valid sentence in proper form by the court in compliance with a verdict of guilt.”’
“436 So.2d at 22, quoting Poellnitz v. State, 48 Ala.App. 144, 262 So.2d 631 (Ala.Cr.App.1972). In this cause as proof of the Georgia convictions, there is a valid plea of guilty signed by the appellant, the appellant’s lawyer, and the district attorney, and following that plea is the court’s sentence of three years in the state penitentiary. Although the phrase ‘adjudication of guilt’ was omitted from this Georgia form, a reasonable interpretation of this document would lead to the conclusion that the appellant had indeed been convicted of forgery in the first degree. Consequently, the reasoning of Tidmore should be extended to valid pleas of guilty. To hold otherwise would create an arbitrary distinction between convictions resulting from jury verdicts and those resulting from guilty pleas.
“In Esters v. State, 480 So.2d 615, 616 (Ala.Cr.App.1985), Judge Patterson, writing for the court, stated, ‘A proper method to prove a prior conviction is by introducing a certified copy of the judgment entry, ... or a certified copy of the minute entry ..., which must affirmatively show that the defendant was represented by counsel at the time of the prior conviction.’ Judge Patterson used the phrase ‘[a] ... method’ not ‘the method.’ Hence, it follows that a document that does affirmatively show the appellant’s plea of guilty, his sentence, and that he was represented by counsel, should indeed meet the standard for proving a conviction for purposes of applying Aa-bama’s Habitual Felony Offender Act.
“In addition, the appellant cites Pickett v. State, 456 So.2d 330 (Ala.Crim.App.1982), which held that a conviction must be shown by a judgment entry and not be a ‘sentence of judgment’ form. However, the court went on to state that the sentencing form used in Pickett did not ‘affirmatively show that the defendant was represented by an attorney or waived this right.’ Pickett v. State, 456 So.2d 330 at 338. Consequently, Pickett, can be distinguished from this ease because the Georgia document in this ease included the signatures of the appellant and the appellant’s attorney.”
688 So.2d at 277-78.
As in Hurth, there was an affirmative showing that Poole was represented by counsel.
Logic requires that we overrule Hurth. Policy considerations require that we overrule Hurth. Consequently, I respectfully offer this special writing.