Appellant entered guilty pleas to seven indictments involving first degree theft, second degree theft, and third degree burglary. The trial judge, finding that appellant was an habitual offender, sentenced him to a total of eighty-five years, including five ten-year terms, one fifteen-year term, and one twenty-year term.
The appellant's guilty pleas were separately received by the court and, after each one, the judge informed the appellant that his sentence would be increased under the provisions of the Habitual Felony Offender Act, Ala. Code § 13A-5-9 (1975).
We find that the trial court misapplied the habitual offender law and in doing so, he did not properly advise the appellant of the maximum and minimum punishment for the offenses charged.Moore v. State, 54 Ala. App. 463, 309 So.2d 500 (1975); Carterv. State, 291 Ala. 83, 277 So.2d 896 (1973).
Alabama's habitual felony offender law, § 13A-5-9, supra, provides:
 "(a) In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows: [Emphasis added]
The wording of the section is clear that the recidivist statute comes into play only when a defendant commits an offense after he has previously been convicted of a felony. Here, after each plea of guilty was accepted appellant had a "previous conviction." However, appellant did not, after those "previous conviction[s]" commit another felony.
This court's opinion in Watson v. State, Ala.Cr.App.,392 So.2d 1274 (1980), cert. denied, Ala., 392 So.2d 1280 (1981) is distinguishable from the present case. In Watson the question was whether or not eight felony convictions entered on the same day were to be considered one, or eight separate convictions. This court held that even though the convictions carried concurrent sentences, they were to be considered eight separate convictions. Likewise, appellant's seven guilty pleas constitute seven separate convictions.
The question here, however, is not what constitutes a "conviction," but when the conviction can be used to enhance punishment under the act. The answer provided by § 13A-5-9, supra, is that the "conviction" must be used to enhance punishment only when it is followed by the commission of another felony.
The difference between Watson, supra, and the present case is that Watson committed a felony after his eight convictions, whereas appellant committed no offenses after any of his seven guilty pleas.
Under these specific circumstances, the trial court's application of § 13A-5-9, supra, was incorrect and, as a result the appellant was improperly advised of the minimum and maximum sentences for the offenses charged to him.
The judgments of conviction are reversed and the causes remanded to the Montgomery Circuit Court.
REVERSED AND REMANDED.
All the Judges concur.