436 So.2d 2 (1983)
Raymond SUMMERHILL
v.
STATE.
8 Div. 651.
Court of Criminal Appeals of Alabama.
March 1, 1983.
Rehearing Denied May 31, 1983.
Certiorari Denied August 5, 1983.
John R. Benn of Peck & Slusher, Florence, for appellant.
Charles A. Graddick, Atty. Gen., and Jan A. Wade, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 82-821.

ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
As shown by the return of the trial court to our order remanding this cause with directions as heretofore rendered and thereafter modified, the trial court has proceeded in accordance with said directions to conduct another sentence hearing and has rendered a judgment sentencing defendant upon his plea of guilty to "serve a term of fifteen (15) years," as it did in its previous judgment of sentence after he had been adjudicated guilty in accordance with his plea of guilty. The judgment on remandment *3 states the following pertinent findings of the trial court:
"THAT the Defendant Raymond Summerhill, was convicted in Cases numbered CC-81-280 and CC-81-279 on September 21, 1981, and was adjudged guilty in each case based upon his plea of guilty entered on said date.
"The Court further finds THAT the Defendant committed the offense upon which the within case is before the Court on October 1, 1981....
". . . .
"... Said sentence is imposed based upon the following premises:
"(1) The application of the Habitual Felony Offender Act showing two (2) prior felony convictions.
". . . ."
As the return to the order of remandment discloses (1) that prior to the judgment of conviction and sentence in the instant case defendant had been adjudged guilty of the felony charged in each of the other two cases involved and (2) that prior to his commission of the felony charged in the instant case defendant had committed the felony charged in each of the other two cases, we no longer have any concern as to the existence of either fact. We now consider the only other issues presently presented by appellant in his brief and the diametrically opposing positions taken by appellee in its brief on the return to the order of remandment. They are captioned hereafter in the form of questions, and, except for the deletion of the word "not," are in the language presented in appellant's brief.

I
SHOULD DEFENDANT HAVE BEEN SENTENCED AS A THIRD-TIME OFFENDER SINCE THERE WAS NO SEQUENTIAL RELATION BETWEEN THE PRIOR FELONY CONVICTIONS RELIED UPON TO ENHANCE SENTENCING?
Appellant candidly acknowledges that his position as to the question is inconsistent with Watson v. State, Ala.Cr.App., 392 So.2d 1274, cert. denied, Ala. 392 So.2d 1280 (January 29, 1981), followed by Serritt v. State, Ala.Cr.App., 401 So.2d 248 (rehearing denied May 26, 1981) cert. denied (July 31, 1981), and states in the concluding sentence of his argument under the above caption that "Watson v. State, should be overruled to the extent it is inconsistent with this approach [appellant's discussion as to the necessity for the observance of sequence in the habitual felony offenders statute] to the three tier habitual offender statute." We decline to attempt to overrule Watson v. State and definitely reaffirm all that was held and said therein.
Appellant's main target is the following sentence in Watson at 392 So.2d 1279:
"The statute seems clear and unambiguous that, where two or more convictions occur at the same time and in the same court, they are separate convictions within the meaning of the Habitual Offender Statute."
It is clear that by the use of the words "same time" reference was not made to any specific measure of time[1], but to the same occasion, for the reason that the previous convictions occurred on the same occasion and the word "time" and the word "occasion" are correctly used synonymously when no measure of time is controlling, whether years, seconds, or any of their intervening periods of time.
Appellant proceeds in his argument to discuss a number of cases from other jurisdictions in which conclusions are reached as to recidivist statutes of such jurisdictions that are not in accord with that which was held in Watson v. State as quoted above. As appellant in his argument concedes and as our examination of such authorities reveals, the language of the other statutes on the subject is not identical with that of the statutory law of Alabama. In addition, it is to be noted that in some of the authorities relied upon by appellant emphasis is placed upon "the underlying purpose," the "policy," *4 or the "basic philosophy" of the recividist statute, which could well vary from jurisdiction to jurisdiction. Furthermore, in some of the cases cited by appellant, the conclusions relied upon by appellant are linked to the philosophy expressed in those jurisdictions to the effect that one is not subject to the recividist statute unless he has actually served, partially or completely, his sentence for "one or more prior felony convictions," which is contrary to the established law in Alabama as announced first in Alabama in Watson v. State, supra, at 392 So.2d 1279, as follows:
"In our judgment, the word `convicted,' as used in § 13A-5-9, Code of Alabama (1975), does not include actual service in the penitentiary. Had the legislature intended `conviction' to include only those convictions followed by actual imprisonment, such a definition could easily have been included in the statute."
Additional consideration should be given, we think, to appellant's use of the word "sequential," the emphasis he places thereon and the interesting argument, which academically is persuasive, to the effect that there must be some sequence between a conviction for a felony for which the defendant can receive a recividist sentence and any conviction that serves to enhance such sentence from the sentence that it would otherwise be. We think, from the language of the recidivist statute itself by the use of the words "previously convicted," it follows necessarily that there must be such a sequence. In the instant case, there was a sequence between the adjudication of defendant's guilt of the two other felonies under consideration and the judgment of conviction and sentence in the instant case. He was adjudged guilty of each of the other felonies on September 21, 1981; he was not adjudged guilty in the instant case until January 8, 1982. Whether there was any attempt to invoke the recidivist statute as to the two previous convictions inter sese, or, on the other hand, whether the statute was either inadvertently overlooked or the sentence in each case was the same as it would have been if the statute had been applied, we do not know and do not inquire, as it would be immaterial to the question before us. Nevertheless, we now continue our discussion of appellant's argument as to the necessity for sequence.
It is difficult to conceive of two or more convictions of the same defendant without sequence between one conviction and each of the other convictions. The records may fail to show the priority of each conviction as related to the other conviction or convictions, but it is not in keeping with the law or the practice in the trial courts of Alabama for two convictions of the same person to be precisely at the same moment. Usually, only the day, the month and the year will be shown as the time of the judgment, but there is necessarily the passing of some interval of time between one conviction and each of the other convictions. They may be as close as the births of twins, which may have caused legal problems under the law of primogeniture, but even then, when the facts were known, the law could be applied with certainty so that the birthright under the law would be bestowed, in accordance with the law, upon the first-born, as it was upon Esau, even though he afterwards sold it to Jacob, the younger of the twins.

II
WAS THE DEFENDANT "CONVICTED" OF A FELONY FOR PURPOSES OF ENHANCED PUNISHMENT UNDER THE HABITUAL OFFENDER ACT SINCE HE HAD NOT BEEN SENTENCED FOR THE ORIGINAL FELONY AT THE TIME HE COMMITTED THE PRESENT OFFENSE?
Under this caption, appellant continues to argue that which he argued to some extent under his first proposition and on original submission that, notwithstanding what was said and held in Watson v. State, supra, and Burgess v. State, Ala.Cr.App., 412 So.2d 298 (1982), there was no "conviction under" the specific statute unless the defendant had been sentenced, that as the appellant had not been sentenced in the cases in which he had been previously adjudged guilty, he had not been convicted in *5 such cases and the recividist statute could not be applied to him. We considered that question in our opinion on original submission and indicated disagreement with appellant's contention, but we did not definitely decide it in this case then, as there was then the more pressing problem of whether there had been an "adjudication of guilt in either of the other two cases prior to the commission of the crime charged in the instant case." On application for rehearing by the appellee and a "supplement on minute entry" showing that there had been such an adjudication prior to judgment of conviction and sentence in the instant case, our opinion on original submission was extended and another order remanding the case was rendered. There was no application for a rehearing by appellant.
We now hold, as we indicated in our opinion on original submission that we would likely hold, in firm adherence to Watson v. State, supra, and Burgess v. State, supra, that a previous "adjudication" of guilt of a felony constitutes a previous "conviction" of a felony whenever the term "previous conviction" of a felony, or its equivalent, is used in the Habitual Felony Offenders law of Alabama.
Appellant advances argument as to this proposition in addition to that which he made on original submission. He now says:
"Further evidence of legislative intent is contained in the Proposed Criminal Rules, which were first suggested in 1977. Rule 26.2(b) states:
"(b) Upon Conviction

"(1) Upon a determination of guilt on any charge, or on any count of any charge, judgment pertaining to that count or that charge shall be pronounced and entered together with the sentence."
Diametrically opposed to appellant's new argument is Alabama Criminal Code § 13A-5-5:
"On motion of the court or written motion of either party, the court shall require a written report of a presentence investigation of a defendant convicted of a felony, and such defendant shall not be sentenced or otherwise disposed of before such report has been presented to and considered by the court."
Appellant's position as captioned above is in conflict with enactments of the Legislature, judicial rules, and uniform judicial opinions in Alabama.

III
SHOULD DEFENDANT BE SENTENCED AS A REPEAT OFFENDER BEFORE BEING GIVEN AN OPPORTUNITY FOR REFORMATION FOR THE FIRST FELONY OFFENSE?
The theme of appellant's argument as to the captioned proposition is thus stated in the first paragraph of his argument:
"Rather than examining the definitional aspect of the term `conviction' as it appears in Section 13A-5-9, [argument II], this argument will focus on the underlying policy considerations of Habitual Offender statutes as they relate to Defendant's sentencing posture. The conclusion offered by Defendant after considering this issue is that the sentencing provisions of Section 13A-5-9 are not applicable to Defendant's case."
Here again, as heretofore stated herein, appellant takes his stand upon what courts of other jurisdictions have declared to be the philosophy or "policy considerations" of recidivist statutes. We reject the "conclusion offered by defendant" without denigrating in the least the scholarly dissertations as to the "philosophy" and "policy" of recidivist statutes in the opinions cited by appellant. We continue to stand upon the solid rock of that which was said and held in the opinion in Watson v. State, supra, per Judge DeCarlo.
The judgment of conviction should remain affirmed; the judgment of sentence should now be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his *6 opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.

ON REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
In appellant's application for rehearing he states:
"The Court's opinion failed to examine the necessity that before Defendant can be sentenced under Section 13A-5-9(b) it is required that there be a commission and conviction of the first felony, followed by the commission and conviction of a second felony, followed by the commission and conviction of the present offense upon which Section 13A-5-9(b) sentence enhancement is sought.
"Pursuant to Rule 39(k) of the Alabama Rules of Appellate Procedure, Appellant requests this Court to add to its Opinion for rehearing the facts set forth in Appellant's Rehearing Brief."
In appellant's brief, under the caption of "STATEMENT OF THE FACTS," he requests pursuant to Rule 39(k) that "the Court add to its opinion on rehearing the following facts:"
"On May 7, 1981, the Defendant was arrested and charged with two felonies arising out of his activities on that same date. The Defendant entered a plea of guilty in Case No. CC-81-280 (Theft of Property in the First Degree) and Case No. CC-81-279 (Burglary in the Third Degree) on September 21, 1981. The trial court accepted the pleas of guilty and passed the cases until November 6, 1981, for a sentence and probation hearing. On that date, the Defendant was sentenced to serve six (6) years in each case to run concurrently.
"Prior to the November 6, 1981 date set for sentencing and probation but after having entered pleas of guilty, Defendant committed the present offense. (October 1, 1981.) A plea of guilty was entered in this case on January 8, 1982, and Defendant was sentenced to fifteen (15) years under the provisions of Section 13A-5-9(b) Code of Alabama (1975).
"The Defendant has never been sentenced under the first tier of Section 13A-5-9(a) and committed the present offense prior to the imposition of sentences for the earlier felony convictions."
In the argument in appellant's brief on application for rehearing, he says that the "basic flaw of the Court's decision is that it fails to fully grasp the sequential relationship mandated by Section 13A-5-9" and that this "oversight is apparent" in the statement in the opinion as follows:
"Whether there was any attempt to invoke the recidivist statute as to the two previous convictions inter-sese or, on the other hand, whether the statute was either inadvertently overlooked or the sentence in each case was the same as it would have been if the statute had been applied, we do not know and do not inquire, as it would be immaterial to the question before us."
We decline to depart from that which we have said and quoted above. The language of the pertinent provision of § 13A-5-9 precludes the notion presently advanced by appellant, which pertinent provision is:
"(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows (emphasis supplied):
"(1) On conviction of a Class C felony, he must be punished for a Class A felony;"
That which is characterized by appellant as an "oversight" is not an oversight of any issue raised by appellant, either in the trial court or on appeal, prior to the position taken by him in his application for rehearing and his brief in support thereof. In his brief preceding his application for rehearing, appellant only contended that "Since Defendant's prior felony convictions occurred at the same time, they cannot be used to step up Defendant's sentencing to *7 the second tier provided by Section 13A-5-9(b)." The caption of his argument on the point was as follows:
"DEFENDANT SHOULD NOT HAVE BEEN SENTENCED AS A THIRD-TIME OFFENDER SINCE THERE WAS NO SEQUENTIAL RELATION BETWEEN THE PRIOR FELONY CONVICTIONS RELIED UPON TO ENHANCE SENTENCING."
Now, the gist of appellant's contention in his application and argument for a rehearing is that as the first two felonies were committed on the same date, there does not exist a sequential relation between the first felony and the second felony to justify their treatment as two commissions of a felony or the commission of two felonies. If the Legislature had intended to so provide, it could and should have done so. The language of the legislation is contrary to the contention now made by appellant.
Appellant's application for rehearing should be overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.
NOTES
[1] This is true even though the previous convictions involved occurred on the "same day."