Charles Garrett was indicted for possession of diazepam, chlordiazepoxide and cocaine, in violation of § 20-2-70, Code of Alabama 1975. The jury found appellant "guilty of possession of controlled substances" and the trial court sentenced appellant to 15 years in the penitentiary pursuant to the Habitual Felony Offender Act. The court further imposed a fine of $10,000.00 on this appellant. *Page 60 
The facts of this cause will not be recited in this opinion on appeal as they are not germane to the issues raised by the appellant.
 I
The appellant contends that the trial court erred by amending his indictment without his consent. We do not agree.
The appellant was originally indicted for possession of marijuana, diazepam, chlordiazepoxide and cocaine. He had previously been indicted, tried and convicted for trafficking in marijuana, said marijuana being the same transaction or incident with which he is charged as possessing in this indictment. Appellant filed a motion to dismiss the indictment alleging that he had previously been convicted of trafficking in marijuana. He further argued that this indictment would not stand because it arose out of the same transaction as the trafficking offense. After a hearing on this matter, the trial court granted the motion on the part of the indictment which charged appellant with possession of marijuana, but not as to the possession of the other controlled substances. The trial judge ordered that the charge of possession of marijuana be stricken from the indictment. The appellant was subsequently arraigned on the charge of possession of diazepam, chlordiazepoxide and cocaine, to which he pled not guilty. For aught that appears in the record, appellant did not object to the "amended" indictment at the time of his arraignment. At no time during trial did the appellant object to being tried on this indictment, nor did he object to the indictment in his motion for judgment of acquittal. At no time during trial of this cause was any evidence of possession of marijuana introduced. Garrett did allege such "amendment" was error in his motion for new trial which was denied by the trial court. We fail to see how the action of the trial court prejudiced the substantial rights of the appellant. Thus, we find no error.
 II
The appellant argues that the trial court erred in denying his motion to dismiss on the grounds of double jeopardy. He argues that his previous conviction of trafficking in marijuana, which arose out of the same facts, circumstances and transactions as the present charge, created a bar on any subsequent prosecution for possession of other controlled substances.
"A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and on fact as the former one relied on under the plea, and this is true even if both cases are founded on the same facts, but the crimes charged were not the same in law." Daniels v. State,375 So.2d 523 (Ala.Crim.App. 1979), and cases cited therein, Racine v.State, 291 Ala. 684, 286 So.2d 896 (1973). The test to be applied to determine whether the crimes are separate offenses is as follows:
 "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision required proof of a fact which the other does not."
Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180,76 L.Ed.2d 306 (1932).
In the instant case, the offense of possession of diazepam, chlordiazepoxide and cocaine and the offense of trafficking in marijuana are separate offenses governed by separate statutes, § 20-2-70 and § 20-2-80 (1), Code of Alabama, as amended, respectively, which provide separate punishments. Applying theBlockburger test to the statutory elements of the two offenses in question, it is clear that, because each offense has at least one statutory element that the other does not, the offenses are separate crimes even though the offenses are based upon the same factual event.
This court has opined on several occasions "that the offenses of possession and trafficking were intended by the legislature to be separate offenses warranting cumulative punishments." SeeGreen v. State, *Page 61 389 So.2d 537 (Ala.Crim.App.), cert. denied, 389 So.2d 541
(Ala. 1980); Story v. State, 435 So.2d 1360 (Ala.Crim.App. 1982), reversed on other grounds, 435 So.2d 1365 (Ala. 1983);Sears v. State, 479 So.2d 1308 (Ala.Crim.App. 1985).
It is clear that the trial court did not err in this instance.
 III
Appellant contends that he was not afforded adequate notice that he was to be sentenced under the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975. He also argues that his due process rights were violated by the State failing to serve upon him copies of the prior conviction used to enhance his punishment.
Notice of the State's intention to proceed under the Habitual Felony Offender Act is effectuated when the appellant is informed of this fact in open court. See George v. State,423 So.2d 335 (Ala.Crim.App. 1982). In this case, the appellant was informed of the State's intention immediately following the jury verdict. The trial judge asked the appellant at this time whether he had anything to say before the sentence was imposed. Appellant and his attorney had a brief discussion at which time appellant announced that he was ready for sentencing. Appellant further admitted at this time that he had pled guilty to the offense the State was seeking to use to enhance punishment. Neither the appellant nor his attorney raised any objection, or sought a continuance on the ground that there had been inadequate notice. He did not request a pre-sentence report or object to imposition of sentence under the Habitual Felony Offender Act. The appellant had an opportunity to be heard and an opportunity to object but chose not to do so. Under these circumstances the appellant was not prejudiced by the sentencing procedure wherein he was sentenced immediately after the jury returned its verdict finding him guilty of possession of controlled substances. See Hollander v. State, 418 So.2d 970
(Ala.Crim.App. 1982); Wilson v. State, 428 So.2d 197
(Ala.Crim.App. 1983); Weaver v. State, 437 So.2d 626
(Ala.Crim.App. 1983); Fisher v. State, 453 So.2d 2
(Ala.Crim.App. 1984).
 IV
The appellant argues that the trial court erred in imposing a fine of $10,000.00 on him when the jury failed to do so.
It appears from the record that the appellant was punished pursuant to the provisions of the Habitual Felony Offender Act. The record further indicates that the trial judge fined the appellant pursuant to § 13A-5-11, Code of Alabama 1975, (See R. 168-169), which authorizes the trial court to fix a fine for a felony conviction. In this cause the appellant was convicted of a Class C felony. He had previously been convicted of one felony, thus requiring the trial court to punish him as though he had been convicted of a Class B felony. Ala. Code § 13A-5-9
(1975). The trial judge imposed sentence within the statutory limits, then fixed a fine of $10,000.00 as authorized by §13A-5-11 (a)(2), Code of Alabama 1975. Such action by the trial court was not legal error.
A review of the record in this cause reveals no errors injurious to the substantial rights of the appellant. This cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.