McMILLAN, Judge.
On May 27, 1991, the appellant filed a petition under Rule 32, A.R.Cr.P., in the Circuit Court of Mobile County, attacking a 1981 conviction of robbery in the first degree and the resulting sentence of 30 years’ imprisonment. He stated that his conviction had been affirmed by this Court without opinion on November 3, 1983, and that he previously had filed a petition for writ of error coram nobis. The ground of the present petition was that the trial court had lacked jurisdiction to impose the sentence. The State moved to dismiss the petition, pleading that this issue had been raised in a prior appeal and had been decided adversely to the appellant, and had also been raised in a prior petition and decided adversely to him. The State further pleaded that the issue could have been but was not raised on appeal *1167 and that the Rule 32, A.R.Cr.P., petition was proeedurally barred; having been filed more than two years after the appellant’s conviction had been final. Thereafter, the trial court summarily denied the petition, stating that the matter had been raised or addressed on appeal or in a previous collateral proceeding and that it also had already been made the basis of a post-conviction proceeding.
In support of his petition, the appellant stated that, immediately after the conclusion of his jury trial on November 16, 1981, the State moved, without prior notice, to treat him as a habitual offender. He further stated that the trial court then proceeded to impose a sentence of 30 years’ imprisonment pursuant to the Habitual Felony Offender Act. The appellant contended that the requirement of prior written notice of intent to rely on his prior convictions was jurisdictional and that he had not previously raised the issue because he did not know “until now” that the lack of notice was a violation of his rights.
On appeal, the appellant contends that his claim was not precluded because, he argues, it relates to jurisdiction. The State argues that the trial court correctly denied relief under Rule 32.2(a)(4) and (b) and under Rule 20.2(c). A.R.Cr.P., Temp, [now 32.2(c), A.R.Cr.P.]. The State further argues that, according to the record of the appellant’s original conviction, the district attorney stated prior to trial that he intended to introduce the appellant’s prior conviction for forgery if the appellant was found guilty. The State contends, citing Garrett v. State, 480 So.2d 58 (Ala.Cr.App.1985), that the appellant’s claim is without merit because, it says, this oral notice was adequate.
However, the trial court’s summary denial was based on the grounds that the matter had previously been raised on appeal or in a collateral petition. Those grounds are unsupported by the record before this Court on appeal. Based on the pleadings in the record, the appellant’s petition was meritorious on its face, and an evidentiary hearing should have been held.
Therefore, this cause is due to be remanded to the trial court for an evidentiary hearing on the merits of the appellant’s Rule 32, A.R.Cr.P., petition. The trial court should file its return to this Court within 45 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.