733 So.2d 940 (1999)
Terry Jo MORGAN
v.
STATE.
No. CR-97-1773.
Court of Criminal Appeals of Alabama.
January 15, 1999.
Rehearing Denied March 26, 1999.
William L. Pfeifer, Jr., Foley, for appellant.
Bill Pryor, atty. gen., and Andy Scott Poole, asst. atty. gen., for appellee.
McMILLAN, Judge.
The appellant, Terry Jo Morgan, was found guilty by a jury of first-degree assault and second-degree theft. He was sentenced, upon application of the Habitual Felony Offender Act ("HFOA"), to life imprisonment on the first-degree assault conviction and to 20 years' imprisonment on the second-degree theft conviction, to run concurrently with his life sentence

I.
The appellant asserts that the trial court erred by refusing to grant a mistrial after the admission of what he says was *941 improper character evidence. During cross-examination of Investigator Greg Daniels of the Baldwin County Sheriff's Department, the appellant's attorney asked Investigator Daniels if the appellant was a "skittish or nervous" person. Investigator Daniels responded that he knew the appellant to be a "violent" person. The appellant's attorney immediately asked to have a sidebar conference, in which he stated to the trial judge that Investigator Daniels's answer was nonresponsive and that he had not opened the door for character evidence to be introduced before the jury. The trial judge agreed with the appellant's attorney, and instructed the jury to disregard Investigator Daniels's answer as nonresponsive. The trial judge denied the appellant's motion for a mistrial and stated that he would have given the curative instruction immediately after Investigator Daniels's response had it been requested before the sidebar.
The appellant states that the State improperly introduced character evidence through Investigator Daniels's statement and that this "blatant violation of the rule against introduction of the bad character of the accused" requires that a mistrial be declared. However, the record reflects that the statement was not an intentional effort on the part of the State to subvert the rules of evidence and does not rise to the level of prejudice required for a mistrial. This Court stated in Garnett v. State, 555 So.2d 1153, 1155 (Ala.Cr.App.1989):
"Moreover, a mistrial `specifies such fundamental error in a trial as to vitiate the result,' Diamond v. State, 363 So.2d 109, 112 (Ala.Cr.App.1978), and should be granted only when a `high degree of "manifest necessity"` is demonstrated, Wadsworth v. State, 439 So.2d 790, 792 (Ala.Cr.App.1983), cert. denied, 466 U.S. 930, 104 S.Ct. 1716, 80 L.Ed.2d 188 (1984). It is well settled that `the granting of a mistrial is within the sound discretion of the trial [judge], for he, being,[sic.] present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury's ability to decide the defendant's fate fairly and justly.' Shadle v. State, 280 Ala. 379, 384, 194 So.2d 538, 542 (1967). Absent clear abuse, this court will not disturb the trial court's exercise of that discretion. Wadsworth v. State, 439 So.2d at 792."
This Court has held that prejudice caused by statements similar to Investigator Daniels's statement in the present case did not require a mistrial and was eradicated by curative instructions given by the trial judge. See Stanton v. State, 648 So.2d 638 (Ala.Cr.App.1994); Bowers v. State, 629 So.2d 793, 794 (Ala.Cr.App.1993); Garnett, 555 So.2d at 1155; and Floyd v. State, 412 So.2d 826, 830 (Ala.Cr.App.1981). The trial judge gave curative instructions at the first opportunity, directing the jury to disregard Investigator Daniels's statement. Because these instructions eradicated any prejudice caused by Investigator Daniels's statement, the trial judge did not abuse his discretion when he denied the appellant's motion for a mistrial.

II.
The appellant next contends that the HFOA cannot be applied in his case because, he says, the State did not give him proper notice that it was invoking that statute. The appellant complains that the State did not serve him with certified copies of the convictions upon which it intended to rely. However, such notice is not required and the notice actually provided by the State was sufficient to allow it to invoke the HFOA.
Describing the type of notice required before the HFOA can be invoked, the Supreme Court of Alabama stated in Connolly v. State, 602 So.2d 452, 454 (Ala. 1992):
"For the HFOA to apply to a particular sentencing, the State must give reasonable notice, prior to the sentencing hearing, of the State's intention to proceed under the HFOA. Rule 26.6(b)(3), *942 Ala.R.Crim.P. (Formerly Temp. Rule 6(b)(3)(ii), Ala.R.Crim.P.). Written notice is not required; oral notice will suffice. Garrett v. State, 480 So.2d 58 (Ala. Crim.App.1985). Determination of the `reasonableness' of the notice period is left to the trial judge's discretion, because the trial judge is present and is familiar with the circumstances of the case. Humber v. State, 481 So.2d 452 (Ala.Crim.App.1985). The notice requirement is eliminated when during the trial the defendant admits the previous felony conviction. Petite v. State, 520 So.2d 207 (Ala.Crim.App.1987)."
The record reflects that on May 11, 1998, more than two weeks before the sentencing hearing, the State served the appellant with a document entitled "Habitual Felony Offender Notice." In this document the State informed the appellant that it intended to invoke the HFOA and listed three prior felonies it intended to use in enhancing the appellant's sentence, including the jurisdiction, the case number, and the crime to which the appellant pleaded guilty. This notice clearly satisfied the requirements of Rule 26.6(b)(3), Ala. R.Crim.P., as set out in Connolly.

III.
The appellant contends that he was improperly sentenced pursuant to the HFOA because the forms supporting two of the three alleged convictions relied upon by the State did not include language specifically stating that he had been adjudicated guilty of these prior felonies. In an attempt to prove these two feloniessecond-degree theft and second-degree escape the State presented as evidence case action summary sheets, sentencing orders, conviction reports, and "Explanation of Rights and Plea of Guilt" forms. The case action summary sheets contain the following entry which was signed by the circuit judge:
"Comes now the defendant before this Court with his/her attorney of record. The defendant changes his/her plea of not guilty to a plea of guilty. Sentencing Order filed."
Although this entry, along with the sentencing order and conviction report in each case, provides clear evidence that the appellant was, in fact, adjudged guilty of these prior felonies, in none of the documents introduced was there any specific language stating that the appellant had been adjudged guilty or that the trial judge had accepted his guilty plea.
This Court held in Hurth v. State, 688 So.2d 275 (Ala.Cr.App.1995), that proof almost identical to the proof in the present case was insufficient to prove a prior felony. In Hurth the State introduced documents entitled "Sentence," "Order of Probation," and "True Bill." The document entitled "True Bill" contained information similar to that contained in the case action summary sheet in the present case, i.e., that the defendant had pleaded guilty and that he was represented by an attorney. However, because there was no language indicating that the defendant had been adjudicated guilty or that the trial judge had accepted the defendant's guilty plea, this Court found that the documents were insufficient to prove the prior felony. Although the Court recognized that "an adjudication of guilt can be implied in certain circumstances where a jury has returned a guilty verdict,"[1] no implication of an adjudication of guilt can be made where the records merely reflect that the defendant pleaded guilty and was sentenced. Hurth, 688 So.2d at 276.
Judge Cobb authored a dissent in Hurth v. State, supra, noting that because not all states require the exact statement of "adjudication of guilt" to be used by the sentencing judge in felony convictions, a number of defendants who had pleaded guilty to out-of-state prior felonies could avoid *943 Alabama's HFOA. The dissent also noted that the court in Tidmore v. State, 436 So.2d 21, 22 (Ala.Cr.App.1983), quoting Poellnitz v. State, 48 Ala.App. 144, 262 So.2d 631 (Ala.Cr.App.1972), stated:
"`"[A]lthough we would deem it better practice for the trial judge to formally adjudge the defendant guilty before rendering sentence, our courts have consistently held that an implied judgment of guilty results where there appears a valid sentence in proper form by the court in compliance with a verdict of guilt."'"
The requirement that there has been an "adjudication of guilt" does not require exact and specific terminology in order to satisfy the requirements of the HFOA. Giving this statute its practical application, where the record shows that the appellant pleaded guilty in court in the presence of his attorney and a sentencing order was then filed, as acknowledged by the circuit court,[2] this must be construed as an adjudication of guilt in order "to prevent absurdity, hardship, or injustice, and to favor public convenience." Baker v. State, 483 N.E.2d 772, 774 (Ind.App.1985).
In Stanton v. State, 648 So.2d 638, 646-47 (Ala.Cr.App.1994), the appellant argued that his prior felony convictions could not be used for enhancement purposes because he had not been sentenced on them at the time of the case at handthe present case having been committed after the entry of the appellant's guilty pleas to the earlier offenses, but before he was sentenced thereon. In Stanton, the appellant acknowledged that certain cases had been decided adversely to him, but he argued that Carroll v. State, 599 So.2d 1253 (Ala. Cr.App.1992), aff'd, 627 So.2d 874 (Ala. 1993), conflicted with those cases and prohibited the consideration of his prior convictions. This Court quoted Congo v. State, 477 So.2d 511, 516 (Ala.Cr.App. 1985), as refuting the appellant's argument, wherein it stated:
"`Under the Habitual Felony Offender Act, the trial court must invoke its provisions in "all cases when it is shown that a criminal defendant has been previously convicted of any [felony or] felonies and after such conviction[ (s) ] has committed another felony." § 13A-5-9[ (a), (b), (c), Code of Alabama (1975)]. Appellant argues that where a defendant enters a plea of guilty, but has not been sentenced, and then commits another felony, that no "conviction" exists which can the be used against him for sentence enhancement purposes. In the present case, evidence was introduced at the sentencing hearing which indicated that the appellant had entered guilty pleas to two felony offenses, and, seven days later, before the trial court had sentenced him, committed the present offense.
"`As this Court has noted, a "plea of guilty is a conviction itself." Jones v. State, 431 So.2d 1367, 1372 (Ala.Cr. App.1983). Thus, it would appear to be proper, in the present case, to invoke the provisions of the Act. Appellant, however, argues that the two felony offense to which he had pleaded guilty were not "final" at the time he committed the present offense, since sentence had not been entered. It is apparent that appellant's argument is an attempt to interpolate the word "final" into the provisions of the Alabama Habitual Felony Offender Act. Based upon the plain wording of the statute, however, such a position is without merit.'"
"See also Summerhill v. State, 436 So.2d 2, 5 (Ala.Cr.App.1983); Burgess v. State, 412 So.2d 298, 299 (Ala.Cr.App.1982); Watson v. State, 392 So.2d 1274, 1279 (Ala.Cr.App.), cert. denied, 392 So.2d 1280 (Ala.1981)." *944 648 So.2d at 646. This Court also distinguished Carroll, because the term "conviction" in that case referred to the capital murder offense of murder by one who had been convicted of another murder within 20 years prior to the charged offense. This Court noted that in Carroll, it acknowledged that "`[t]he meaning of the term "`conviction' varies according to the context in which it appears and the purpose to which it related."'" Id. at 647. The Court then noted that the HFOA requires a lesser proof of conviction, "only an adjudication of guilt." This requirement is a lesser standard because it differs from the greater need for proof of the substantive criminal offense, as in Carroll, for purposes of notice and the prohibition of arbitrary or discriminatory enforcement. Id.

Because the record in the present case clearly shows that the appellant was adjudicated guilty, although that exact term was not used, and in the interest of judicial consistency and efficiency in light of the fact that other states often do not use this exact phrase and prior convictions for purposes of the HFOA may originate in those other states, we conclude that the appellant received sufficient notice and the State properly proved these prior convictions. To the extent that Hurth v. State, 688 So.2d 275 (Ala.Cr.App.1995), conflicts with this case, it is due to be overruled.
AFFIRMED.
LONG, P.J., and BROWN, J., concur.
COBB, J., concurs specially with opinion.
BASCHAB, J., recuses.
COBB, Judge, concurring specially.
I applaud the majority for deciding to overrule Hurth v. State, 688 So.2d 275 (Ala.Cr.App.1995), which I have always believed was an incorrect holding. As the author of the dissent in Hurth, I am pleased that we have taken advantage of the opportunity to correct the hypertechnical interpretation of the Habitual Felony Offender Act applied in that case.
NOTES
[1] See Hayes v. State, 647 So.2d 11 (Ala.Cr. App.1994), and Tidmore v. State, 436 So.2d 21 (Ala.Cr.App.1983).
[2] These legal procedures are noted because they reflect the facts of the instant case, but each case must be evaluated on its facts to determine whether an adjudication of guilt was proved.