On Return to Remand 

JOINER, Judge.
Edward Brewster Gomillion was convicted of third-degree burglary, § 13A-7-7, Ala.Code 1975, and first-degree burglary, § 13A-7-5, Ala.Code 1975.
On appeal, Gomillion does not challenge his convictions; therefore, a detailed recitation of the facts supporting his convictions is unnecessary. The relevant procedural facts, however, are as follows. On February 9, 2006, Gomillion appeared before the Etowah Circuit Court and entered pleas of guilty to three counts of first-degree robbery. At that proceeding, however, Gomillion was not formally adjudicated or sentenced. On August 12, 2007, Gomillion was arrested in Calhoun County for new offenses of first-degree burglary and third-degree burglary—the offenses at issue in this ease. On December 12, 2008, Gomillion appeared again before the Eto-wah Circuit Court and entered pleas of guilty on the same charges to which he had entered pleas in February 2006 and was then sentenced on each count. On January 28, 2009, Gomillion was convicted in the Calhoun Circuit Court for the first-degree-burglary and third-degree-burglary offenses. On February 25, 2009, the Calhoun Circuit Court conducted a sentencing hearing in which the following occurred:
“[Prosecutor]: Your Honor, the [S]tate would offer at this time exemplified copies of the bench sheets from the Circuit Court of Etowah County wherein the defendant pleaded guilty to three counts or three different charges of robbery in the first degree on or about February the 10th, 2006[,] which predates the date of the incidents in question for which Mr. Gomillion was convicted. So the [S]tate would offer these exemplified copies at this time.
[[Image here]]
“[The Court]: Any matters to be presented on behalf of the defendant?
“[Gomillion’s counsel]: Yes, Your Honor.... [TJhese two crimes for which Mr. Gomillion was convicted here occurred prior to his being sentenced in those Class A felonies, so I would argue that the Habitual Offender Statute doesn’t apply....
[[Image here]]
“[The Court]: Any response by the [S]tate?
“[Prosecutor]: Yes, Your Honor, briefly. As for [Gomillion’s counsel’s] first argument, we can say with confidence that where the defendant enters a plea of guilty but has not been sentenced and then commits another felony a conviction exists which can then be *1137 used against him for sentence enhancement purposes and that is Congo [v.] State [,] 477 So.2d 511 [ (Ala.Crim.App.1985) ].
“Secondly, Your Honor, we have pulled the transcript of the hearing during which Mr. Gomillion entered his three pleas of guilty on the robbery first charges in Etowah County. There was an adjudication of guilt in each case.”
(R. 494-500.) (Emphasis added.) The Calhoun Circuit Court then found that Gomillion had “previously been convicted of three Class A felonies, robbery in the first degree, in Etowah County” and sentenced Gomillion, as an habitual felony offender, to 40 years’ imprisonment on the third-degree-burglary conviction and to life without the possibility of parole on the first-degree-burglary conviction, the sentences to be served concurrently. (R. 501.) Additionally, the circuit court ordered Gomillion to pay a $5,000 fíne, a $50 crime-victims-compensation assessment, and court costs on each conviction. Gomil-lion filed posttrial motions, which were denied, and this appeal followed.
On appeal, Gomillion contends that it is unclear whether he had been adjudicated guilty of the three counts of first-degree robbery before the commission of the burglary offenses for which he was convicted in this case.[1] Gomillion, therefore, contends that the Calhoun Circuit Court erred when it found that he had “previously been convicted of three Class A felonies, robbery in the first degree, in Etowah County” and enhanced his sentences pursuant to the Habitual Felony Offender Act (“the HFOA”). We agree.
Section 13A-5-9(c), Aa.Code 1975, a part of the HFOA, provides:
“(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:
“(1) On conviction of a Class C felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.
“(2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years.
“(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court.
“(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole.”
(Emphasis added.)
“[T]he provisions of the [HFOA] are mandatory and not discretionary,” because “the act specifies that a criminal defendant who has been previously convicted of ... three felonies ‘must be punished as follows ...’” and “[t]he word, ‘must,’ as it is used in [§ ] 13A-5-9, leaves no discretion with the court as to whether a repeat offender is to be punished under *1138 the statute.” Watson v. State, 392 So.2d 1274, 1276 (Ala.Crim.App.1980) (emphasis omitted). The HFOA, however, applies only when an offender has been “previously convicted” of a felony. Thus, application of the HFOA turns on the meaning of the phrase “previously convicted.”
This Court noted in Carroll v. State, 599 So.2d 1258, 1262 (Ala.Crim.App.1992), that “ ‘[t]he meaning of the term “ 'conviction’ varies according to the context in which it appears and the purpose to which it relates.” ’ ” This Court then noted:
“In connection with the [HFOA], a conviction means an adjudication of guilt. This Court has held, ‘in firm adherence to Watson v. State, [392 So.2d 1274 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981)], and Burgess v. State, [412 So.2d 298 (Ala.Cr.App.1982) ], that a previous “adjudication” of guilt of a felony constitutes a previous “conviction” of a felony whenever the term “previous conviction” of a felony, or its equivalent, is used in the [HFOA].’ Summerhill v. State, 436 So.2d 2, 5 (Ala.Cr.App.1983).”
Carroll, 599 So.2d at 1266. In other words, the HFOA applies only when an offender has been previously adjudicated of a felony. See Craig v. State, 893 So.2d 1250, 1258 (Ala.Crim.App.2004); Morgan v. State, 733 So.2d 940, 943 (Ala.Crim.App.1999); Stanton v. State, 648 So.2d 638, 647 (Ala.Crim.App.1994); Connolly v. State, 602 So.2d 452, 457 (Ala.1992); Congo v. State, 477 So.2d 511, 516 (Ala.Crim.App.1985); Prock v. State, 471 So.2d 519, 521 (Ala.Crim.App.1985); Summerhill v. State, 436 So.2d 2, 5 (Ala.Crim.App.1983).
It is not always clear, however, whether an adjudication has, in fact, occurred for purposes of the HFOA. This is especially true in cases in which the circuit court fails to use formal words of adjudication.[2] Athough no formal words of adjudication are necessary to “satisfy the requirements of the HFOA” that there be an adjudication of guilt, when a circuit court fails to use formal words of adjudication we must look to the record to determine whether it clearly shows that the circuit court intended to adjudicate the defendant guilty. Morgan, 733 So.2d at 943.
In Morgan, the defendant argued that the HFOA was improperly applied in sentencing him because, he said, “the forms supporting two of the three alleged convictions ... did not include language specifically stating that he had been adjudicated guilty of these prior felonies.” 733 So.2d at 942. This Court found that, although the circuit court did not formally adjudicate the defendant on his prior offenses, the record clearly established that the defendant had pleaded guilty and that a sentence had been imposed for those prior convictions. This Court then held that “[b]ecause the record ... clearly show[ed] that the appellant was adjudicated guilty, although that exact term was not used, ... the State properly proved these prior convictions.” Morgan, 733 So.2d at 944. In other words, Morgan creates an “implied adjudication” in the HFOA context. An “implied adjudication” occurs when the record clearly shows that the defendant has entered a guilty plea and has been sentenced before he commits a new offense. “[T]he reasoning being that a judgment of guilt is implied from the sentence.” Rule 26.1, Ala. R.Crim. P., Committee Comments; see also Ex parte Eason, 929 So.2d 992 (Ala.2005). Morgan does not, however, hold that an “implied *1139 adjudication” occurs in cases, like here, where a defendant enters a guilty plea, is not formally adjudicated, commits a new offense, and thereafter reenters his guilty plea and is sentenced for the prior offense.
Here, the State contends that in those situations detailed above, the first guilty plea is an adjudication because, it says, a “ ‘plea of guilty is a conviction itself ”— regardless of the second guilty plea and sentence. (State’s brief, p. 22 (quoting Stanton, 648 So.2d at 646)). Similarly, the Calhoun Circuit Court stated in its order on return to remand that a guilty plea and an adjudication are inseparable and “[t]o separate a formal guilty plea from adjudication would be nonsensical.”[3] (Record on Return to Remand, C. 4.) The Calhoun Circuit Court, therefore, concluded that the first guilty pleas constitute prior convictions under the HFOA. To adopt the positions of the State and the Calhoun Circuit Court, however, would conflate the concepts of “guilty plea” and “adjudication” and would be contrary to the law. There are, for example, circumstances in which a circuit court is given explicit authority to accept a guilty plea but withhold adjudication. See, e.g., § 12-28A-2(7)a., b., and d., Ala.Code 1975 (defining “drug court” and the terms “pre-adjudication,” “post-adjudication,” and “combination program” in the Alabama Drug Offender Accountability Act).[4] The Alabama Rules of Criminal Procedure also provide that a “guilty plea” and an “adjudication” are separate and distinct concepts. Rule 26.1(a), Ala. R.Crim. P., provides:
“(1) ‘Judgment’ means the adjudication of the court based upon a plea of guilty by the defendant, upon the verdict of the jury, or upon its own finding following a nonjury trial, that the defendant is guilty or not guilty.
“(2) ‘Sentence’ means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty.
“(3) ‘Determination of guilt’ means a verdict of guilty by a jury, a finding of guilty by a court following a nonjury trial, or the acceptance by the court of a plea of guilty.”
(Emphasis added.) Furthermore, we have noted in the context of the HFOA that a guilty plea and an adjudication are separate and distinct concepts. See Craig, 893 So.2d 1250.
In Craig, the defendant argued that two of his prior felony convictions should not have been used to enhance his sentence because, at the time he committed the new offense, he had not yet been adjudicated guilty on the two felonies. This Court held:
“The crime in this case was committed on July 9, 2001, between the day Craig entered his plea and the day he was adjudicated guilty and sentenced. Although in most cases that came before this Court the trial court adjudicates the defendant guilty at the time he or she enters a plea of guilty, this is not always the case, and ‘each case must be evaluated on its facts to determine whether an adjudication of guilt was *1140 proved.’ Morgan v. State, 733 So.2d 940, 943 n. 2 (Ala.Crim.App.1999). According to the record before us, Craig was not adjudicated guilty on the two trafficking convictions until he was sentenced for those crimes, that is, after he had already committed the crime for which he is charged here; therefore, he was not convicted of the two trafficking convictions until after he had committed the crime in this case. Accordingly, the two trafficking convictions are not ‘prior’ convictions in terms of the present felony conviction and should not have been used to enhance his sentence in this case.”
893 So.2d at 1258-59 (emphasis added).
The record in this case, like the record in Craig, indicates that Gomillion was not adjudicated guilty in the Etowah Circuit Court until after he committed the burglary offenses at issue in this case.
The record establishes that, on February 9, 2006, Gomillion appeared, with counsel, in the Etowah Circuit Court, and during that proceeding the court indicated the following:
“THE COURT: All right. For today’s purposes, it will be a plea only and I’ll have some questions for you. If you don’t understand any of the questions that I ask, we’ll stop and you can consult with your lawyer.”
(Record on Return to Remand, C. 13 (emphasis added).) After conducting the guilty-plea colloquy, the trial court accepted Gomillion’s pleas of guilty. On August 12, 2007, Gomillion was arrested in Calhoun County for the offenses of first-degree burglary and third-degree burglary— the offenses at issue in this case.
The record further establishes that, on December 11, 2008 — over two years after Gomillion first entered his pleas of guilty in the Etowah Circuit Court, Gomillion again appeared in the Etowah Circuit Court on the same charges to which he had entered pleas of guilty in February 2006. During that proceeding the following occurred:
“[The Court:] All right. Now, I’m going to show you these forms and ask you to confirm that you’ve reviewed them and your signature appears on them. All right. First is the Explanation of Rights and Plea of Guilty. Do you recognize that form?
“[Gomillion:] Yes, sir.
“[The Court:] It’s dated February 9, 2006. Does your signature appear on it?
“[Gomillion:] Yes, sir.
“[The Court:] Did you sign it of your own free will?
“[Gomillion:] Yes, sir.
“[The Court:] Do you understand the contents of the form or is any part of it you wish to have [your counsel] explain?
“[Gomillion:] I understand.
“[The Court:] Next is the plea agreement dated February 9, 2006. Do you recognize that form?
“[Gomillion:] Yes, sir.
“[The Court:] Does your signature appear, on the form?
“[Gomillion:] Yes, sir.
“[The Court:] Did you sign it of your own free will?
“[Gomillion:] Yes, sir.
“[The Court:] Do you understand the contents of the form?
“[Gomillion:] Yes, sir.
“[The Court:] Any part of it you wish to have [your counsel] explain?
“[Gomillion:] No, sir.
“[The Court:] Do you particularly understand the section that’s been filled in in paragraph three where it starts out ‘prosecutor recommends a sentence’?
“[Gomillion:] Yes, sir.
*1141 “[The Court:] All right. Now, you understand that if you tell me you’re guilty and I accept your plea, that I will impose a sentence upon you?
“[Gomillion:] Yes, sir.
“[The Court:] You understand that sentence will be in the range of what we discussed—
“[Gomillion:] Yes, sir.
“[The Court:]—for a class A felony?
[[Image here]]
“[The Court:] Well, please state to the Court your plea to the crimes you’re charged with in the indictments, three counts of robbery in the first degree.
“[Gomillion:] State it?
“[The Court:] Yes, Your plea?
“[Gomillion:] Guilty.
[[Image here]]
“[The Court:] All right. Now, [Gomil-lion’s counsel], have you had a chance to speak with Mr. Gomillion to your satisfaction on his rights in these cases?
“[Gomillion’s counsel:] Yes, sir.
“[The Court:] Do you recommend the Court accept his plea?
“[Gomillion’s counsel:] I do.
“[The Court:] Does the State recommend the Court accept the plea based on the conditions you discussed?
“[Prosecutor:] Yes, sir.”
(Record on Return to Remand, C. 28-35.) (Emphasis added.) After accepting Gomil-lion’s pleas of guilty, the circuit court sentenced Gomillion.[5]
Here, unlike in Morgan, we cannot imply adjudication because Gomillion was not sentenced until after he committed the burglary offenses in Calhoun County. Furthermore, the record does not clearly support the conclusion that Gomillion was adjudicated guilty on the three counts of first-degree robbery in February 2006. Rather, the record demonstrates that the Etowah Circuit Court did not intend to adjudicate Gomillion until it conducted a second guilty-plea colloquy and sentenced him, which occurred after he had committed the underlying burglary offenses in this case. If the Etowah Circuit Court had, in fact, intended to adjudicate Gomil-lion during the first guilty-plea colloquy, a second guilty-plea colloquy would have been unnecessary.
Because “ ‘each case must be evaluated on its facts to determine whether an adjudication of guilt was proved,’ ” Craig, 893 So.2d at 1259 (quoting Morgan, 733 So.2d at 943 n. 2), we must conclude that the record does not clearly indicate that the Etowah Circuit Court intended to adjudicate Gomillion in February 2006. We, therefore, hold that the Calhoun Circuit Court erred when it found that Gomillion’s February 2006 guilty pleas were “previous convictions” under the HFOA.
Accordingly, Gomillion’s convictions for first-degree burglary and third-degree burglary are due to be affirmed; for the foregoing reasons, his sentences, however, are reversed, and the case is remanded for resentencing.
AFFIRMED AS TO CONVICTIONS; REVERSED AS TO SENTENCES; AND REMANDED WITH INSTRUCTIONS. 
*1142 WINDOM and BURKE, JJ., concur. WELCH, P.J., and KELLUM, J., concur in part and dissent in part, with writing by KELLUM, J., joined by WELCH, P.J.

. Gomillion also contends (1) that the circuit court failed to consider the voluntary sentencing guidelines ("the guidelines”) when it sentenced him because, he says, the State informed the circuit court that the State had to consent to the use of the guidelines; and (2) that the circuit court’s sentence to life imprisonment without the possibility of parole on the first-degree-burglary conviction amounts to “cruel and excessive punishment.” In light of this Court’s holding, however, it is unnecessary to address these arguments.

. It is also true in cases in which the circuit court, as discussed below, fails to use formal words of adjudication and does not sentence the defendant until after he or she commits a new offense.

. In making his findings on return to remand, Judge Street reviewed transcripts and materials from the Etowah Circuit Court relating to Gomillion’s offenses there, and those same transcripts and materials are before us in this appeal.

. To adopt the State’s argument would invalidate the legislatively authorized operating procedures of many of the drug-court programs throughout the State. Many drug-court programs, for example, are instituted post-plea but pre-adjudication; that is, the defendant enters a guilty plea, but the circuit court withholds adjudication, and the defendant then enters the program.

. The State was represented by the same assistant district attorney at both the February 9, 2006, proceeding and the December 11, 2008, proceeding. At the December 11, 2008, proceeding the assistant district attorney neither opposed the circuit court's conducting a second guilty-plea colloquy with Gomillion, nor did he inform the circuit court that Gom-illion had already pleaded guilty. He also did not contend that Gomillion had already been adjudicated guilty.