KELLUM, Judge,
concurring in part and dissenting in part.
Because I believe that the Etowah Circuit Court intended to adjudicate Edward Brewster Gomillion guilty of three counts of first-degree robbery following the February 2006 guilty-plea colloquy, I respectfully dissent from that part of the majority’s decision reversing the sentences imposed by the Calhoun Circuit Court in the instant case.
The record indicates that the State gave notice to Gomillion of its intent to proceed under the Habitual Felony Offender Act (“HFOA”) and referenced Gomillion’s February 10, 2006, guilty pleas to three separate charges of robbery in the first degree in Etowah County. At the sentencing hearing in the instant case, the State submitted certified copies of Gomillion’s three prior felony convictions for first-degree robbery. The case-action summaries of those convictions indicated that Gomillion pleaded guilty on February 10, 2006, while the sentencing orders in those same cases indicated that Gomillion withdrew his plea of not guilty and entered a plea of guilt in those cases on December 11, 2008. Gomil-lion committed the burglary offenses for which he was charged in the instant case in August 2007.
On March 3, 2010, this Court, by order, remanded this case to the Calhoun Circuit Court pursuant to Rule 29, Ala. R.Crim. P., for that court to reconcile the discrepancy in the record. The circuit court complied with our instructions and on December 30, 2010, entered an order finding that Gomillion had pleaded guilty to the three first-degree-robbery convictions in February 2006; that Gomillion had three prior felony convictions at the time he committed the August 2007 burglary offenses; and that Gomillion had been properly sentenced under the HFOA. Specifically, the Calhoun Circuit Court stated in its order, in pertinent part:
“The trial court utilized exhibits presented by the State which indicated to the Court that [Gomillion’s] prior three convictions in Etowah County Circuit Court for robbery in the first degree occurred before the commission of the present offenses ... for which he was tried in Calhoun County. The difficulty in resolving the date of [Gomillion’s] Etowah County convictions arises from the Case Action Summary Sheet which reflects ‘explanation of rights and plea of guilty filed’ on February 10, 2006, with Circuit Judge Shaun Malone presiding. The Case Action Summary Sheet then reflects that the cases were continued for sentencing until a later date. A later sentencing order in these cases by Circuit Judge David A. Kimberly (who replaced Judge Malone after an election) reflects that Gomillion [pleaded] guilty to the three robbery first convictions on December 11, 2008, when Judge Kimberly then sentenced the defendant.
“This Court has received a copy of the Court proceedings conducted by Judge Malone on February 9, 2006, wherein Judge Malone accepted the guilty pleas of Edward Brewster Gomillion to the three first degree robberies. That transcript reflects that after guilty pleas were entered the matters were continued to see if Gomillion would be called upon by the State of Alabama to testify to the involvement of Gomillion’s brother, Marcus Gomillion, in the same three robberies. Apparently, Edward Brewster Gomillion did not testify against his brother, but Marcus Gomillion ultimately entered guilty pleas in his robbery cases as well.
*1143 “When Judge Malone accepted [Gom-illion’s] guilty pleas on February 9, 2006, after a substantial colloquy in which he finds [Gomillion] to be acting knowingly, intelligently and voluntarily, the Judge does not then use formal words of adjudication of guilt.
“The issue before the Court is: ‘When was Edward Brewster Gomillion convicted in the three Etowah County cases?’
[[Image here]]
“After full review of the 2006 [transcript of the guilty plea before Judge Malone] and the 2008 [transcript of the sentencing hearing before Judge Kimberly] ..., the Court finds that [Gomil-lion] entered his guilty plea and was, in effect, adjudicated guilty of three first degree robberies on February 9, 2006, before Judge Shaun Malone. Therefore, the Court’s sentence of life without parole under the Habitual Felony Offender Act in CC-07-1817 was mandatory with three prior Class A convictions.
“The fact that the latter trial Judge (Kimberly), who assumed office after [Judge] Malone left the office, went back through a complete colloquy again accepting [Gomillion’s] guilty pleas and now sentencing him in December 2008 does not indicate that [Gomillion] was not adjudicated guilty in 2006. Judge Kimberly’s actions are reflective of safe and conservative action by a new judge who has some records that a guilty plea has been entered but has an open case with an unsentenced defendant.”
(Record on Return to Remand, C. 2-4.)(Emphasis added.)
The record on return to remand supports the Calhoun Circuit Court’s conclusion that Gomillion was adjudicated guilty of three counts of first-degree robbery in February 2006 when Gomillion entered his plea of guilt as to those charges. “A ‘plea of guilt is a conviction itself.’ ” Congo v. State, 477 So.2d 511, 516 (Ala.Crim.App.1985) (quoting Jones v. State, 431 So.2d 1367, 1372 (Ala.Crim.App.1983)). The record on return to remand indicates that the Etowah Circuit Court conducted a detailed guilty-plea colloquy in February 2006 during which Gomillion pleaded guilty to three counts of first-degree robbery. At the conclusion of the February 2006 guilty-plea colloquy, the Etowah Circuit Court stated:
“The Court concludes the defendant knowingly and voluntarily enters his plea of guilt and ascertained in open court the defendant fully understands his constitutional rights and nature of the crime charged against him in the indictment and the consequences of this guilty plea and that the defendant knowingly and voluntarily pleads guilty and waives his constitutional rights, it is hereby ordered the defendant’s plea of guilty and waiver be accepted and entered into the record.”
(Record on Return to Remand, R. 17.) Although, as noted by the Calhoun Circuit Court on remand, formal words of adjudication of guilt were not used at the conclusion of the February 2006 guilty-plea colloquy, the Etowah Circuit Court accepted Gomillion’s plea of guilt in the three first-degree-robbery cases and ordered his plea entered into the record.
This Court has previously addressed the requirement that a circuit court use exact terminology when determining whether there has been an adjudication of guilt in the context of the application of the HFOA. In Morgan v. State, 733 So.2d 940 (Ala.Crim.App.1999), Morgan was sentenced as a habitual felony offender to concurrent terms of life imprisonment for a first-degree-assault conviction and to 20 years’ imprisonment for a second-degree-theft conviction. Morgan argued on appeal that he had been improperly sen *1144 tenced under the HFOA because “the forms supporting two of the three alleged convictions relied upon by the State did not include language specifically stating that he had been adjudicated guilty of [the] prior felonies.” Morgan, 733 So.2d at 942. The case-action-summary sheets submitted by the State contained the following language:
“Comes now the defendant before this Court with his/her attorney of record. The defendant changes his/her plea of not guilty to a plea of guilty. Sentencing Order filed.”
Morgan, 733 So.2d at 942. Although the circuit court did not explicitly state in the case-action summary that Morgan had been adjudicated guilty, this Court held that Morgan had, in fact, been adjudicated guilty. In so holding, we explained:
“The requirement that there has been an ‘adjudication of guilt’ does not require exact and specific terminology in order to satisfy the requirements of the HFOA. Giving [the HFOA] its practical application, where the record shows that the appellant pleaded guilty in court in the presence of his attorney and a sentencing order was then filed, as acknowledged by the circuit court,[2] this must be construed as an adjudication of guilt in order ‘to prevent absurdity, hardship, or injustice, and to favor public convenience.’ Baker v. State, 483 N.E.2d 772, 774 (Ind.App.1985).
Morgan, 733 So.2d at 943. See also Eason v. State, 929 So.2d 992, 995 (Ala.2005) (recognizing that a judgment of conviction does not have to be phrased in formal language or include particular words of adjudication when the record shows that the intent of the trial court was to adjudicate the defendant guilty).
The exception to a circuit court’s explicit adjudication of guilt in the context of the HFOA is no less applicable when a circuit court adjudicates the defendant guilty but does not sentence the defendant immediately and sentences him or her later. “Sentencing ... is not necessary to make a guilty plea, which includes an adjudication of guilt, a prior felony conviction for purposes of the HFOA.” Craig v. State, 893 So.2d 1250, 1258 (Ala.Crim.App.2004). Therefore, the first-degree-robbery convictions for which Gomillion was adjudicated guilty in February 2006 but for which he was not sentenced until December 2008, could still be used as prior convictions to enhance Gomillion’s sentence for offenses that occurred following the entry of the guilty plea. See Stanton v. State, 648 So.2d 638 (Ala.Crim.App.1994) (holding that the trial court could consider two convictions in applying the HFOA when sentencing the defendant despite the fact that the defendant was not sentenced for those two convictions until after the commission of the instant offense); Summerhill v. State, 436 So.2d 2 (Ala.Crim.App.1983) (same).
In the instant case, the record indicates that the Etowah Circuit Court intended to adjudicate Gomillion guilty of three counts of first-degree robbery in February 2006. I am not persuaded by the conclusion reached by the majority — that the second guilty-plea colloquy in 2008 necessarily indicated that the first guilty-plea colloquy in 2006 was not a formal adjudication of guilt. The unique facts and circumstances of this case indicate that Judge Malone conducted a detailed guilty-plea colloquy in February 2006, during which Gomillion pleaded guilty to three counts of first-degree robbery. Gomillion was not immediately sentenced because there was some *1145 question whether he would be called to testify as a State’s witness against his brother. After Gomillion pleaded guilty but before he was sentenced, Judge Malone left the bench and Gomillion’s case was reassigned to Judge Kimberly, who, unfamiliar with the case, conducted a guilty-plea colloquy in 2008. Thus, I do not believe that the decision by Judge Kimberly to conduct a second plea colloquy rendered the first guilty-plea colloquy a nullity.
Given the particular facts and circumstances of this case, I do not believe that the circuit court erred in applying Gomil-lion’s three prior first-degree-robbery convictions to enhance his present sentence under the HFOA. Accordingly, I would affirm both the convictions and sentences in the instant case.
WELCH, P.J., concurs.

"2 These legal procedures are noted because they reflect the facts of the instant case, but each case must be evaluated on its facts to determine whether an adjudication of guilt was proved.”