LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction of robbery in the first degree, a Class A felony, and a sentence to life imprisonment without parole pursuant to the Habitual Felony Offenders Act as now codified in Code of Alabama 1975, § 13A-5-9. The defendant had been previously convicted of three felonies. Subsection 13A-5-9(c)(3) provides:
“In all cases when it is shown that he has been convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
*163 [[Image here]]
“On conviction of a Class A felony, he must be punished by imprisonment for life without parole.”
No issue is presented by appellant as to the judgment of conviction. The only issues presented relate to the sentence. Appellant’s first issue is thus stated in his brief:
“Whether the absence of a sequential relation between Defendant’s three prior convictions precludes his sentencing under Section 13A-5-9(c) as a third tier habitual offender.”
Appellant’s first issue is substantially the same as an issue that was recently decided adversely to appellant in Summerhill v. State, 436 So.2d 2 (Ala.Cr.App.1983), which case certiorari was denied by the Alabama Supreme Court on August 5, 1983. In accordance with what was said and held in Summerhill, we conclude that appellant’s first issue is not well taken.
Appellant’s only other issue is as follows:
“Whether statutorily authorized sentence of life imprisonment without parole constitutes cruel and unusual punishment under Eighth Amendment.”
This issue has also been decided adversely to appellant. In Holley v. State, Ala.Cr.App., 397 So.2d 211, 216, per Judge DeCar-lo, writ denied, Ala., 397 So.2d 217 (1981), after a thorough examination and discussion of the question, it is concluded:
“Therefore, it is our judgment that the sentence meted out to Holley of life imprisonment without parole was not cruel or unusual punishment and not in conflict with the Eighth Amendment of the United States Constitution.”
Appellant endeavors to reinforce his argument as to this issue by what was held in Helm v. Solem, 684 F.2d 582, (8 Cir.1982) and Solem v. Helm, — U.S. -, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). When weighed in the scales of both the United States Court of Appeals for the Eighth Circuit and the Supreme Court in that case, the instant case is “found wanting.” In that case, the sentence to life imprisonment, which, at the time under the law of the state in which the sentence was imposed, was the equivalent of a sentence to life imprisonment without parole, had been imposed for a conviction of the crime of uttering a “no account” check for $100. The six prior felony convictions included three convictions for third degree burglary, a conviction for driving while intoxicated, a conviction for grand larceny, and a conviction for obtaining money under false pretenses. See footnote 1, 684 F.2d 582. None of the convictions was for the commission of a crime of violence or a crime involving any danger to the person of another. The judgment of conviction from which the appeal herein was taken was for robbery in the first degree, the indictment charging, inter alia, that defendant “in the course of committing a theft of one (1) watch, two (2) rings, three (3) bracelets, one (1) handbag, and Four Hundred Fifty Dollars ($450.00) ... did use force against the person” of the alleged victim “with the intent to overcome her physical resistance or physical power of resistance while the said Paul Timothy Robertson was armed with a deadly weapon, to-wit, a pistol ...”
Code § 13A-5-9(c) provides:
“In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such conviction has committed another felony, he must be punished as follows:
“(1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years.
“(2) On conviction of a Class B felony, he must be punished for life in the penitentiary;
“(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole.”
By reason of the fact that two of the three previous felony convictions involved in the instant case were convictions in another state, Kansas, for statutory offenses, and without any knowledge as to the circumstances of those crimes, we cannot say *164 with certainty that they should be treated as equally serious as, or as more or less serious than, the six previously committed crimes in Solem v. Helm.
In endeavoring to follow strictly, as we should, what the Supreme Court holds as to what constitutes cruel and unusual punishment, we are unable to conclude that Solem v. Helm, supra, either requires or authorizes a determination that the judgment sentencing this appellant to imprisonment for life without parole constitutes a violation of the Eighth Amendment to the Constitution of the United States. Although this appellant’s record of previous convictions is probably not as good as was the record of previous convictions of Helm, our study of the majority (five to four) opinion, as well as the strong minority opinion, in Solem v. Helm, convinces us that of paramount consideration by the Supreme Court was the qualitative analysis of the particular felony that resulted in the equivalent of a sentence to life imprisonment without parole. We do not look upon any felony as not constituting a serious crime, but the felony that resulted in the sentence to life imprisonment without parole of Helm was a mere peccadillo that pales almost into nothingness in the red glare of the felony of armed robbery which brought about the judgment of conviction and sentence in the instant case. Neither in the majority opinion nor in the minority opinion in Solem v. Helm, do we find language that would justify our holding that the judgment of conviction and sentence appealed from herein constitutes a violation of the Eighth Amendment. Not only in this case but also in all cases involving questions pertaining to the Constitution of the United States, we look to the Supreme Court for authority and for light. Solem v. Helm furnishes no authority for disturbing the sentence in this case; its light leads us in the opposite direction.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.