# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-757


STATE OF LOUISIANA

VERSUS

ROBERT STEWART
A/K/A ROBERT CARTER
A/K/A ROBERT STEWART, III
A/K/A BLACK STEWART


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 155425.2
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Keith A. Stutes**
**District Attorney**
**Robert L. Odinet**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, Louisiana  70502-3306**
**(337) 232-5170**
**Counsel for Appellee:**
        **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana  70602-1641**
**(337) 491-0570**
**Counsel for Defendant/Appellant:**
        **Robert Stewart**

**KEATY, Judge.**

On March 1, 2016, Defendant, Robert Stewart, was charged by bill of information with: Count 1, illegal possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1; Count 2, illegal possession of a stolen firearm, in violation of La.R.S. 14:69.1; Count 3, possession of a dangerous weapon in the presence of a controlled dangerous substance (CDS), in violation of La.R.S. 14:95; and Count 4, possession of CDS I (marijuana), in violation of La.R.S. 40:966.

On April 16, 2018, the trial court denied Defendant's request to retain private counsel and overruled Defendant's objection that he was a sovereign citizen over whom the State of Louisiana had no jurisdiction. Prior to voir dire, the State notified the trial court that it would be proceeding to trial with Counts 1 and 2, and defense counsel and the State stipulated to the validity of Defendant's prior felony conviction for purposes of Count 1. After the jury was impaneled, court adjourned for the day. On April 17, 2018, Defendant failed to appear at court, and trial proceeded in his absence on Counts 1 and 2. *See* La.Code Crim.P. art. 832. After less than an hour of deliberation, the jury returned unanimous verdicts of guilty as charged on the possession of a firearm by a convicted felon charge and not guilty on the illegal possession of a stolen firearm charge. After the verdict was read, the trial court ordered the immediate arrest of Defendant and directed that he be held without bond until sentencing, which would take place after completion of a Presentence Investigation Report (PSI). Several months later, after reviewing the PSI, the trial court sentenced Defendant to twelve years at hard labor, with credit for time served, and without benefit of probation, parole, or suspension of sentence, plus a mandatory $1,000 fine. The trial court also recommended that Defendant enter a drug treatment program. Following sentencing, the State dismissed Counts 3 and 4 and noted its intent to charge Defendant as a habitual offender, which it did by bill of information

dated July 13, 2018. On October 2, 2018, Defendant pled guilty to being a second felony offender, and the State recommended that Defendant be sentenced to twelve years at hard labor, without the benefits of probation, parole, or suspension of sentence.[1]

Defendant now appeals his conviction, asserting there was insufficient evidence to support his conviction for possession of a firearm by a convicted felon. For the following reasons, we affirm Defendant's conviction and sentence.

## FACTS[2]

On September 12, 2015, officers with the Lafayette Police Department approached Defendant in front of a residence at 113 Sonny Street in Lafayette, Louisiana, to execute multiple arrest warrants. Upon his arrest, Defendant was found to be in possession of a handgun which was believed to be stolen.

At trial, Sergeant Jace Quebedeaux, a twenty-one-year veteran of the Lafayette Police Department, testified that he received information that Defendant had outstanding arrest warrants and was standing in front of a residence on the 100 block of Sonny Street. Thereafter, Sergeant Quebedeaux confirmed that Defendant had outstanding arrest warrants from city court and district court. He testified that multiple officers were directed to the residence in question to detain Defendant and that a Mr. Tevin Lewis was arrested at the same time on an unrelated matter.

---

[1] As noted by the trial court, Defendant received the same sentence under the habitual offender laws as that which he had received before being charged as a habitual offender.

[2] Defendant references the testimony of Mr. Chad Cormier in his brief to this court. Mr. Cormier's testimony was relevant only to identification of the firearm as having been stolen. As Defendant was found not guilty of possessing a stolen firearm, Mr. Cormier's testimony is not included in this factual summary.

Sergeant Quebedeaux testified that, although multiple officers were present at the scene, Defendant was arrested by Officers[3] Bart Ryder and Nathaniel Batiste.

Corporal Jack Martin of the Lafayette Police Department testified that he was present at the scene to collect evidence as a member of the Metro Crime Scene Unit. At trial, he identified an evidence box containing a Springfield .45-caliber pistol and ammunition that Detective Scott Broussard gave to him after receiving it from Corporal Ryder who collected it from Defendant at the scene.

Trooper Batiste of the Louisiana State Police, formerly a member of the Lafayette Police Department, testified that he was riding with Officer Ryder when they went to Sonny Street looking for Defendant. Trooper Batiste stated he and Officer Ryder observed Defendant standing in a driveway with three or four other people. They informed Defendant he was under arrest for outstanding warrants, and "Officer Ryder searched him and located a gun in his waistband." When asked about the gun, Trooper Batiste noted he never had possession of the gun but stated "[i]t was a semi-automatic pistol. I think it was, like, silver and black in color, maybe." Acknowledging that he had never met Defendant prior to his arrest, Trooper Batiste was unable to identify at trial a picture taken of Defendant on the day he was arrested.

Detective Dwayne Angelle of the Lafayette Parish Sheriff's Office testified that he was a twenty-five-year law enforcement veteran who had been a member of the Metro Crime Scene Unit for nearly twelve years. Detective Angelle was accepted as an expert in fingerprint identification. Detective Angelle testified he confirmed that Defendant's fingerprints obtained on September 12, 2015, matched the fingerprints of the Robert Stewart who was previously convicted of possession with the intent to distribute marijuana in East Baton Rouge Parish. Detective

---

[3] Bart Ryder is referred to at different times as both Corporal Ryder and Officer Ryder; however, his rank at the time of trial was Detective. We have kept the title used in reference to Detective Ryder by each witness.

Angelle testified that the photograph attached to the fingerprint card from the Baton Rouge conviction appeared to be the same person as in the photograph attached to the September 12, 2015 fingerprint card; however, he acknowledged he had never met Defendant in person.

Detective Ryder of the Metro Narcotics Division testified that on September 12, 2015, he arrested Defendant on Sonny Street. Detective Ryder identified Defendant from the same photograph Trooper Batiste was unable to identify. Detective Ryder testified that he and Trooper Batiste approached 113 Sonny Street from the north and saw Defendant, whom he recognized from a "photo id" which had been given to them. Detective Ryder stated that there were "[m]ore than two or three" people outside the residence. Detective Ryder testified that as soon as they exited the vehicle, he noticed a gun "sticking out of [Defendant's] pocket," so he immediately handcuffed Defendant to prevent him from drawing the weapon. Detective Ryder identified State's Exhibit 2 as the gun he took from Defendant when he arrested him. Detective Ryder testified that he rendered the gun safe by removing the magazine and clearing the chamber, then placed the gun in his vehicle until he could turn it over to an agent from the Crime Scene unit.

**DISCUSSION**

In his sole assignment of error, Defendant contends the evidence presented at trial was insufficient to support his conviction for possession of a firearm by a convicted felon. The analysis for such a claim is well settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), *State ex rel. Graffagnino v. King*, 436 So.2d

4

559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

At the time of the offense, La.R.S. 14:95.1(A) (footnote omitted) provided:

It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.

As this court previously noted in *State v. Richardson*, 16-107, p. 7 (La.App. 3 Cir. 12/28/16), 210 So.3d 340, 348, a conviction for possession of a firearm by a convicted felon requires "the State must have proven that 1) the defendant possessed a firearm; 2) a previous conviction for an enumerated felony; 3) the ten-year cleansing period has not passed; and 4) the general intent to commit the crime."

Prior to trial, the parties stipulated that Defendant had a prior conviction for possession with the intent to distribute marijuana, a felony violation of the Uniform Controlled Dangerous Substances Law. Officer Brandy Bonner of the Louisiana Department of Public Safety and Corrections, Probation and Parole Division, testified that she supervised Defendant on that conviction until November 6, 2012.

5

Accordingly, the ten-year cleansing period had not yet run when Defendant committed the instant offense.

As noted by the second circuit in *State v. Drayton*, 46,191, p. 8 (La.App. 2 Cir. 4/13/11), 63 So.3d 319, 324, *writ denied*, 11-2343 (La. 6/1/12), 90 So.3d 430, "The general intent to commit the offense may be proved through the actual or constructive possession of the firearm." If the State can prove actual possession, it has satisfied the intent element of the offense. Defendant's argument, however, appears to be that he does not believe there was sufficient evidence to determine beyond a reasonable doubt that he was the person who possessed the firearm recovered by Detective Ryder. His argument is summarized as follows: "Not only were officers unsure of where the gun was located, they were unsure as to the color of the gun. The serial numbers of the gun allegedly seized were different from the one stolen, and Trooper Batiste could not recognize a picture of [Defendant] at trial."

Although Defendant contends the testimony of the officers differed "as to where the gun was located," we conclude that the evidence is sufficient to identify Defendant as the individual from whom the gun was recovered. Detective Ryder testified he apprehended Defendant and removed the gun from his front pocket almost immediately upon exiting his vehicle. Trooper Batiste, who was not the individual who actually arrested Defendant and who never possessed the weapon, testified that Detective Ryder removed the gun from Defendant's waistband. Given the proximity of an individual's front pocket and their waistband, we believe that this slight difference in memory between two law enforcement officers more than two years later is certainly understandable.

Defendant's argument relies heavily on the fact that Trooper Batiste did not accurately remember the color of the gun seized and could not recognize a picture of Defendant during trial. As this court has noted, however, "[i]n order to support a

6

conviction, the defendant need only be positively identified by one witness." *Richardson*, 210 So.3d at 346. Detective Ryder, the officer who actually seized Defendant and possessed the weapon in question, identified Defendant's photograph and identified the firearm as the weapon he recovered from Defendant's front pocket. No evidence was presented to contradict Detective Ryder's testimony, aside from the slight discrepancy between his testimony and that of Trooper Batiste, as noted above. Although Defendant points out that there was a discrepancy between the serial number on the gun recovered and the serial number listed on the stolen weapon report, we note that such information is only relevant to whether the weapon was stolen, not weather Defendant had possession of it. In light of *Richardson*, *Drayton*, and Detective Ryder's testimony, we are convinced that "*any* rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt" when viewing the evidence in the light most favorable to the prosecution under *Jackson*, 443 U.S. at 319.

## DECREE

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

7